E. W. ZIEMAN, Appellee, v. WORLD AMUSEMENT SERVICE ASSOCIATION OF SOUTH DAKOTA, INCORPORATED, Appellant.

No. 39758.

December 13, 1929.

Rehearing Denied March 21, 1930.

*Buck & Kirkpatrick* and *Brackney, Farr & Stockman,* for appellant.

*Cornwall & Cornwall* and *H. E. Narey,* for appellee.

Wagner, J.—During an automobile race at the Clay County Fair, on October 1, 1927, one of the automobiles driven by a Mr. Nichols, at a high rate of speed, crashed through the fence surrounding the track, and ran a distance thereafter of about 40 or 50 feet, striking the plaintiff and severely injuring him. This action was instituted against both the Clay County Fair Association and the World Amusement Service Association of South Dakota. Upon trial, verdict was returned in favor of the plaintiff against only the World Amusement Service Association, and judgment thereon rendered, from which said defendant has appealed.

The races were conducted pursuant to a written contract between the appellant and the Clay County Fair Association, and were to be conducted under the rules of the International Motor Contest Association. Under the contract between the Fair Association and the appellant, the former agreed to promote and conduct automobile races and advertise them as a special feature for the fair on October 1, 1927, to furnish the track and grounds and necessary police protection, to procure the sanction of the International Motor Contest Association at its own expense, and to assume the responsibility for complying with the rules and regulations of that association. The appellant agreed to have seven racing cars and professional drivers present

for the races, and to furnish a program of events. It was therein agreed that, in consideration of the appearance of the appellant with the racing automobiles and drivers to take part in the program of events, the Fair Association was to pay the appellant "a sum equal to 50 per cent of the gross gate, grand-stand, parking space, and infield receipts" of that day. It was therein further agreed that the advertising of the auto races should be conducted under the following plan:

"The first party [the Fair Association] shall furnish orders to second party [the appellant] for all billboard paper used in advertising auto races; the second party [the appellant] shall pay for same and ship to said first party [the Fair Association]; the second party [the appellant] shall order all small advertising, such as heralds, window lithographs, cards, signs, etc., and the said first party [the Fair Association] shall pay for same. The first party [the Fair Association] shall pay for posting all billboard paper and the second party [the appellant] shall furnish an expert publicity and advertising agent and shall distribute all small advertising."

It was therein further agreed that the appellant should have score cards printed, and direct the selling of same, and divide the profits with the Fair Association; and that, should either car or driver meet with accident during the holding of the races, the appellant should not hold the Fair Association for any damages done, either to the said car or driver.

The appellant and the Fair Association appeared separately, each denying, on its part, the allegations of negligence averred in the petition; each alleging that the appellee was guilty of contributory negligence; and each alleging other matters in defense of itself.

The appellant, in its brief, sets out alleged grounds of error, which are not argued. Under Rule Number 30 of this court, all such are deemed waived.

The secretary of the Fair Association was called as a witness by the appellee, and was examined relative to the written contract between the Fair Association and the appellant. His direct examination related only to the written contract. On cross-examination by the appellant, the court permitted him to answer whether there was any other written contract, but stated,

in substance, that, if the inquiry related to an oral contract, it was not proper cross-examination, and called for the conclusion of the witness. The witness answered that he knew of none. He was then asked by the appellant whether there was any other contract between the Fair Association and the appellant, and the objection by the appellee was sustained. There is no error at this point.

The appellant also complains of certain rulings by the court in sustaining appellee's objections to questions propounded to appellant's witnesses relative to the employment or arrangement between Nichols, the driver of the car in question, and the appellant. The court permitted the witnesses to testify as to any transaction relative thereto within their personal knowledge, but carefully excluded the conclusions of the witnesses. There is no merit in appellant's complaint at this point.

Another contention of the appellant's is that there is no evidence of negligence by the appellant, or of anyone in its employ, while acting within the scope of his employment. Nichols was the driver of the car in question. There is testimony from which the jury could find that he was employed by the appellant as a driver at the time in question. One of the grounds of negligence is that the driver of said car failed to have the same under control, and failed to have the steering apparatus securely or safely connected, but carelessly and negligently fastened the wheel on the steering apparatus of the car in such a manner that it became loosened, and that, because of the defective steering apparatus, said car was driven off the track and against the plaintiff, causing his injuries. As to this ground of negligence, a number of witnesses gave testimony that, when the driver got into his car, the steering wheel was off, and he placed it in position, and attached the nut which was for the purpose of holding the wheel only with his fingers. The track upon which the races were run was a half-mile track, oblong in shape, and the accident happened at the southwest corner, just before making the turn for the "straight away" for the grand stand. The race was 20 laps around the track, and the accident occurred about the 11th lap. Some of the witnesses gave testimony that, as the driver was making the turn, they saw the steering wheel entirely disconnected from the shaft, and

the driver holding it above the shaft in his hands. One witness, who was standing on the sheep barn, where he could see the actions of the driver at the time in question, testified, ''I could see the wheel was clear loose in his hands,'' and that, before the car hit the fence, he saw the driver jerk back, with the wheel in his hands and apart from the shaft. There is testimony that, at the time the car stopped, the steering wheel was disconnected from the shaft. Without further elaborating upon the testimony, we hold that there was ample evidence upon this ground of negligence to take the question to the jury. Likewise, there was evidence upon the other grounds of negligence submitted to the jury for consideration as against the appellant. This contention of the appellant's is devoid of merit.

Another contention of the appellant's is that the plaintiff was guilty of contributory negligence, as a matter of law. Neither can we agree with this contention. There were ten or fifteen thousand people on the fairgrounds at the time in question. The appellee drove into the fairgrounds with his automobile, and bought tickets for himself and family. He parked his car where the marshal directed him. He went to the grand stand, for the purpose of procuring grand-stand tickets, but the office was closed. He endeavored to obtain a seat in the bleachers, but was informed by the man in charge that they were full. He then went inside of the track, and watched some of the races, and about 5 o'clock, he went to the outside of the track, where his car was parked, and found that, because other cars were parked in close proximity, he could not get out. Two of his children were standing with him. There were approximately 200 people in close proximity, and a wire had been stretched about 37 feet from the fence. Between the wire and the fence is what may be termed ''neutral ground,'' and beyond it, ''the zone of safety.'' He was standing about 10 feet behind the wire, in the ''zone of safety.'' The car came crashing through the fence, which was made of cedar posts, with a 1 x 10 board about the height of the hub of a horse cart, and a 2 x 6 on top. The car would have missed him, but it was deflected in its course,—probably because of striking a post,—and smashed into the plaintiff.

These are the major things revealed by the evidence upon

the question of contributory negligence. Ordinarily, the question of contributory negligence is one of fact, for the determination of the jury. Under this record, we cannot say, as a matter of law, that the appellee did not exercise the same care, prudence, and caution which an ordinarily careful and prudent person would have exercised under the same circumstances, and this is the criterion by which negligence is determined. See *Graves v. Chicago, R. I. & P. R. Co.*, 207 Iowa 30. The question of contributory negligence was for the jury. See *Lutz v. Davis,* 195 Iowa 1049.

The next and last proposition argued by the appellant is that the court erred in, and that it was prejudiced by, the submission to the jury of four forms of verdict, in one of which he permitted the jury to find for the appellee, as against both defendants; in another of which he allowed the jury to find for both defendants; in another of which the jury could find for the appellee and against the Clay County Fair Association; and in another of which he permitted the jury to find for the appellee and against the appellant, which was the verdict returned. The appellant argues that the court should have submitted only two forms of verdict: one in favor of the plaintiff, and the other in favor of both defendants.

In the petition, the grounds of negligence were alleged as against both defendants. These allegations were separately denied by each defendant. Each defendant contended that the appellee was guilty of contributory negligence; each separately contended that it was not guilty of negligence. It is apparent from the pleadings and the record that each defendant was contending that, if either was liable, it was the other. We make no pronouncement as to whether the defendants were jointly and severally liable, but see *Ellingson v. World Amusement Service Assn.*, 175 Minn. 563 (222 N. W. 335). The trial court did not adopt appellee's theory of joint liability, but conformed the instructions to the theories of the defendants. Neither defendant had moved for a separate trial. If it be conceded that the defendants were jointly liable, the appellee could have proceeded against either one separately. No instruction as to the forms of verdict now contended for was asked by the appellant. It is apparent from the record that it was not the appellant's

theory in the trial court that the defendants were jointly liable. Neither is the appellant consistent in his present contention. He herein argues:

"Nor was there any evidence to support any allegation of the other grounds of negligence which the trial court apparently held were chargeable to the defendant Amusement Company; but even if there had been any evidence to support the specific charges of negligence, yet the appellant contends that these acts were not of such a concurrent or contributing kind as could be the basis of a charge of joint and several liability."

If, in accordance with appellant's theory in the court below, and in accordance with the foregoing quoted argument in this court, there was no joint liability by the defendants, there certainly was no error committed by the court at this point. On the other hand, if the defendants were jointly liable (a point which we need not and do not pass upon), the appellant was liable, in accordance with the verdict returned. As to this contention of the defendants' we find no error of which the appellant can now complain.

Having considered the entire record and the propositions argued by the appellant, we find no reversible error, and the judgment of the trial court is hereby affirmed.—*Affirmed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and MORLING, JJ., concur.