WALTER J. KOSINSKI *vs.* GENEVIEVE KOSINSKI.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 2d—decided June 5th, 1934.

*Thomas C. Flood,* for the appellant (defendant).

*Leonard O. Ryan,* for the appellee (plaintiff).

PER CURIAM. The jury might reasonably have found the following facts: The plaintiff on the morning of November 29th, 1932, went with the defendant, his daughter, to the garage to help her start her car. He told her to put it in high gear and then while she sat in it he pushed it out of the garage. After he had succeeded in pushing it to a point where the rear end was six or seven feet outside of the garage, the engine caught and he stepped back. Then suddenly the car backed and pinned him between the right rear corner of the car and the door of the garage. The defendant did not testify, and no evidence was in any

way produced to dispute the plaintiff's testimony. From the fact that the plaintiff had been able unaided to push the car out of the garage while in gear, the jury might reasonably have inferred that the surface of the ground in front of the garage did not slope markedly toward it. With that in mind, taken together with the fact that, when the car backed, it did so suddenly, the jury were entitled to infer that the cause of the backing was that the defendant put the car in reverse and did not have it under proper control. They might reasonably have concluded that the defendant was guilty of negligence. The plaintiff testified that when the car started to back, he was only five or six feet behind it and it came so quickly that he could not get out of the way. Confronted as he was by an emergency, the jury might well have found that he was not guilty of contributory negligence.

The plaintiff was a storekeeper and he testified that he was compelled on account of his injuries to hire his son, who was about twenty-one years old, to carry on the business for him for seven weeks, agreeing to pay him $25 a week, and also to perform certain services for eight weeks thereafter, for which he agreed to pay $4 or $5 a week. The jury might reasonably have accepted this testimony. Taking into consideration the expenses thereby incurred by the plaintiff, certain other special damages he proved and the personal injuries he suffered, the trial court might reasonably conclude that the jury was justified in returning a verdict in the amount they did.

There is no error.