C. L. HUSTON, Appellee, v. JAMES LINDSAY, Appellant.

No. 44003.

NOVEMBER 23, 1937.

Frank D. Riley, for appellee.

Birdsall, Archerd & McGrath and Putnam, Putnam, Fillmore & Putnam, for appellant.

KINTZINGER, J.—The accident in question occurred on the afternoon of December 31, 1935, in the city of Clarion, Iowa. Before the accident happened the defendant's car had been parked along the curb in front of a drug store on the south side of Central Avenue just west of Main Street. The car was headed east near the intersection. Another car was parked several feet west of and behind defendant's car. The street had a slight up-grade toward the east and was covered with snow and ice. It does not appear how long defendant's car had been parked on this street, but when he attempted to leave he had considerable trouble getting his car started because of the snow and ice.

The evidence shows without dispute that in attempting to start his car the defendant moved it forward and back several times to get sufficient momentum to move out. Three men were standing on the sidewalk in front of the drug store south of defendant's car and saw him trying to start. While defendant was moving his car back and forth to get enough momentum to

get away, the plaintiff came up the sidewalk from the west and rear of defendant's car and saw the defendant's trouble in getting started. When he reached the defendant's car, plaintiff said to the other men on the sidewalk, *"Let's give him a push."*

Defendant saw the three men on the sidewalk, but claims he did not see plaintiff or know of his presence. The three men on the sidewalk and the defendant all heard someone say, "Let's give him a push," but defendant says he did not know who said it. The defendant heard the statement, but says he thought it was made by one of the three men on the sidewalk. The evidence, however, shows without dispute that it was plaintiff who made it.

After this remark was made, the three men on the sidewalk came along side of defendant's car, and plaintiff went behind it to help push him out. It was prior to this time that the defendant had moved his car back and forth to get it out on the street. The testimony shows that when the three men took their positions at the side of the car, with plaintiff at the rear, the car had already been moved back to where it was when they began to push. It also shows that defendant's car, in moving back and forth prior thereto, had not gone back far enough to bump the rear car.

The defendant testified that the car was in reverse and that he had already backed it up to where it was then standing. When the men came to defendant's car to help push it out, plaintiff took hold of the rear bumper and said, *"Let's go ahead."* After that the defendant, with his car in reverse, backed it up instead of going ahead and bumped against the rear car, catching plaintiff between the two cars.

While the defendant testified that he was unaware of plaintiff's presence at the rear of his car, the testimony shows without dispute that the plaintiff on reaching the car said, "Let's give him a push," and thereafter when the men took their positions at the side of defendant's car, with plaintiff at the rear, the plaintiff again said, *"Let's go ahead."*

Such in substance was the testimony offered at the trial. At the close of the evidence the defendant filed a motion for a directed verdict upon the grounds that the evidence failed to show that plaintiff was free from contributory negligence, and that he failed to establish any negligence on the part of the defendant. This motion was overruled, and the case was submitted

to the jury, which returned a verdict in favor of the plaintiff. Thereafter defendant filed a motion for a new trial. This was also overruled; hence the appeal.

■■■ I. Appellant contends that the court erred in failing to direct a verdict and in failing to sustain his motion for a new trial, because plaintiff failed to establish his freedom from contributory negligence.

The testimony tends to show that at the time plaintiff reached defendant's car, *it had already been backed up*. Defendant himself testified, "I had backed it up in reverse. When they came to the car I backed up a little more and they gave me a push and I went out." The testimony also shows that prior to the time plaintiff reached the car the defendant had already moved his car back and forth in attempting to get out, and that at no time in any of these movements had his car bumped into the car in the rear. The evidence tends to show that, when plaintiff commenced to push on the rear bumper and the other men commenced to push on the side of the car, the defendant, with his car in *reverse*, backed it up instead of driving forward.

Before plaintiff and the other three men took hold of the car to push, the defendant had heard someone say, "Let's give him a push." Although defendant's car had already been backed, and although the men were in position to push forward, and although plaintiff had already said, *"Let's go ahead,"* defendant had his car in reverse and moved it back against the rear car, but says he did not know of the plaintiff's presence behind his car. After plaintiff and the other men had taken hold of the car to push it forward, plaintiff said, *"Let's go ahead,"* and they all started to push. Instead of going ahead, defendant backed it up against the front end of the rear car causing the injury complained of.

Plaintiff's first statement, "Let's give him a push and help him get out of here," was made by plaintiff while he was still on the sidewalk. This statement was heard by defendant. Plaintiff then stepped in behind the car to take hold of the bumper. While in that position he motioned to defendant through the rear glass and said, *"Let's go ahead."* The defendant was not looking around at that time, but might have seen him through the rear-vision mirror. As defendant heard plaintiff's first statement, *"Let's give him a push,"* the jury might well be warranted in finding that he heard the second statement to *"Let's*

*go ahead,*" when the plaintiff was behind the car. As the defendant's car had not prior thereto backed up as far as the car in the rear, and as the plaintiff made a statement to, "Let's go ahead," after he and the other men had taken hold of the car to push it forward, it cannot be said as a matter of law that plaintiff should have anticipated that the car was in reverse, and that defendant would back up instead of going ahead. Before the car started plaintiff gave notice of his presence behind the car by saying to the others, *"Let's go ahead."*

Appellant contends that the action of plaintiff in getting behind the defendant's car constituted contributory negligence. Under the peculiar facts of this case, and bearing in mind the fact that although defendant's car had moved forward and back several times before plaintiff got behind defendant's car without striking the car in the rear, we are constrained to hold that the question of plaintiff's contributory negligence was for the jury.

The question of contributory negligence is generally a question for the jury. Laudner v. James, 221 Iowa 863, 266 N. W. 15; Zellmer v. Hines, 196 Iowa 428, 192 N. W. 281; O'Hara v. Chaplin, 211 Iowa 404, 233 N. W. 516; Zieman v. World Amusement Service Association, 209 Iowa 1298, 228 N. W. 48; Wheeler v. Peterson, 213 Iowa 1239, 240 N. W. 683; Orr v. Hart, 219 Iowa 408, 258 N. W. 84.

Appellee's contention is supported by the rule announced in Laudner v. James, 221 Iowa 863, 266 N. W. 15, where the facts were somewhat similar to those in the case at bar. Appellant contends, however, that this case is controlled by the ruling in Nelson v. Mitten, 218 Iowa 914, 255 N. W. 662.

The case of Nelson v. Mitten, 218 Iowa 914, 255 N. W. 662, however, was distinguished from Laudner v. James in an opinion therein written by Justice Mitchell. In distinguishing the Nelson case from Laudner v. James, the court said, in substance, that at the time the truck started Nelson was in a place of safety, and after the truck started Nelson saw fit to leave that place and run behind the truck in a diagonal manner and, had he remained where he 'was before the truck started, he would not have been injured. Whereas, in the Laudner case there is no evidence to show that Laudner, at the time the truck was being cranked, was in a place of safety.

Likewise in the case at bar, the defendant's car was stand-

ing in the position to which it had been moved back by the defendant before the three men and the plaintiff took their positions at the side and rear of defendant's car for the purpose of pushing it forward. Defendant's car was not moving at the time plaintiff said, "Let's go ahead."

At that time and before the car had started the plaintiff was in no danger, and if defendant's car had been moved forward instead of backward, pursuant to plaintiff's request to "go ahead," defendant's car would not have bumped into the rear car and no injury would have resulted. The plaintiff, after giving the request to go ahead, had a right to assume that defendant would not move his car backward without some warning or signal.

From the record in this case, which must be taken in its most favorable light for the plaintiff, we are constrained to hold that plaintiff was not guilty of contributory negligence as a matter of law, but the record presented a question of fact for the jury.

■■■ II. Appellant also contends that the court erred in failing to direct a verdict in his favor and sustain his motion for a new trial, upon the ground that plaintiff failed to show that the defendant was guilty of any negligence which was in any manner the proximate cause of plaintiff's injuries.

In addition to the testimony hereinabove set out, the record shows that the defendant said, "After I had made several attempts to get out of there I heard somebody say, 'Let's give him a push.'" True, he says he did not see Mr. Huston anywhere around there and disclaims knowing who made that remark, but he does say that after the remark was made the men came to his car and arranged themselves along the south side of it. He admits putting his car in reverse and backing it up. He says he did not hear any warning or signal that the plaintiff was present, but plaintiff did give notice of his presence behind the car by saying, "Let's go ahead." He did admit, however, that he heard somebody say, "Let's give him a push," and that the men at that time came toward his car. He also says that he heard someone say, "Let's give him a lift here," but he didn't know where it came from.

After the men had arranged themselves on the side of the defendant's car, and after plaintiff had taken his position at the rear bumper, the plaintiff said, *"Let's go ahead."* Therefore,

if the defendant heard this statement just before the men started to push, it became the defendant's duty not to move his car backward without giving a signal or warning of his intention so to do.

After plaintiff made the statement to "Let's give him a push," the three men took hold of the side of the car and the plaintiff took hold of the bumper. The defendant must have known that the men took hold of the car for the purpose of pushing it forward. If the defendant heard the statement made by plaintiff on the sidewalk to "Let's give him a push," the jury might well have found that defendant also heard the statement, "Let's go ahead," made by the plaintiff when he was attempting to push the defendant's car ahead from the rear.

Defendant had not bumped into the rear car when he made several back and forth movements prior to that time, and if he heard the plaintiff's statement, "Let's go ahead," it was surely the defendant's duty not to put his car in reverse and move backward without giving some warning of his intention so to do.

We cannot say as a matter of law, from the evidence in this case, that defendant, as a reasonably prudent person, might not have known that someone was present behind the car. He knew that men were assisting him and might, under the evidence, have realized that someone was in the rear. Under these circumstances, it is our conclusion that it is a question for the jury to say whether or not, in the exercise of ordinary care, the defendant should have given some warning or signal of his intention to move his car backward.

■■■ III. Error is also alleged because of the court's refusal to give certain instructions to the effect that the defendant had the right to back his car at the scene of the accident in an attempt to get his car under way, unless he knew, or in the exercise of ordinary care should have known, that the plaintiff was in a position of danger behind him, and that the defendant was under no duty to warn plaintiff of defendant's intention to back up unless he knew or should have known of plaintiff's position. We have carefully examined the instructions given by the court and find that these questions were fairly covered therein.

For instance, in instruction No. VIII the court said inter alia:

"If the jury shall find from the evidence that the defendant

intentionally moved his car backward at the time of the accident, the question arises whether or not he was under any legal duty to give plaintiff any warning of his purpose so to do. This in turn raises the question as to whether or not he knew, or as a reasonably careful and prudent person he should have known, that plaintiff was in a position of peril at the rear of his car and likely to be injured by backing the car into and upon the automobile to his rear.

"In passing upon this question, the jury should take into consideration all the facts and circumstances surrounding the accident;—the fact, if it be a fact, that he knew that the men referred to in the testimony were attempting to aid him in setting his car in motion; the fact, if it be a fact, that he heard these men say that they would give him a boost; the likelihood, if it be a likelihood, that one or more of the men might be to the rear of the car; and all other facts and circumstances surrounding the defendant at and immediately before the accident.

"If from all these circumstances the jury should find that a person of ordinary care and prudence would have ascertained the position of these men and would have warned them of his purpose to back up his car, then you have a right to find that * * * plaintiff failed to take the precautions and give the warning that a person of ordinary care and prudence would have done in the same circumstances."

We think the court was fully warranted from the evidence as disclosed by the record in giving the instructions complained of, and we find no error therein.

Error is also alleged because of the court's failure to give other requested instructions, and the giving of certain other instructions by the court. We have carefully examined all questions raised in relation thereto and find no merit in the errors alleged.

It is our conclusion that the questions of negligence and contributory negligence were properly submitted to the jury. For the reasons hereinabove expressed, the judgment of the lower court is hereby affirmed.—Affirmed.

HAMILTON, C. J., and MITCHELL, PARSONS, RICHARDS, and SAGER, JJ., concur.