WILLIAM KAFFENBERGER, Appellee, v. WILLIAM HOLLE, Appellant.

No. 46845.

MAY 7, 1946.

M. L. Sutton, of Clinton, for appellant.

E. C. Halbach, of Clinton, for appellee.

GARFIELD, J.—Defendant contends the evidence of his negligence, proximate cause, and plaintiff's freedom from contributory negligence is insufficient to have warranted submission to the jury and that since defendant's motion for directed verdict at the close of the evidence was erroneously denied, his motion for judgment notwithstanding verdict should have been sustained. Defendant relies upon Rule 243(b), Rules of Civil Procedure, which provides:

"If the movant was entitled to have a verdict directed for him at the close of all the evidence, and moved therefor, and the jury did not return such verdict, the Court may then either grant a new trial or enter judgment as though it had directed a verdict for the movant."

Defendant did not seek a new trial in the court below and now asserts he does not want a new trial but seeks only a judgment notwithstanding verdict "upon the ground set out in Rule 243." Defendant assumes that if his motion to direct a verdict should have been sustained, he is entitled under Rule 243(b), as a matter of right, to judgment notwithstanding verdict and that the trial court would have had no discretion to grant a new trial.

We think the case was for the jury. We will briefly review the evidence and, pursuant to our duty, in the light most favorable to plaintiff.

On the evening of August 9, 1941, plaintiff and his wife accompanied defendant and his wife in defendant's new Dodge sedan from their homes in Clinton to the neighboring village of Low Moor to attend a firemen's jubilee. They arrived after dark and defendant attempted to park his car in a vacant lot adjoining the main street. Defendant's attention was at least partly distracted by some children "and he didn't just watch where he was driving, so he drove over on this pile of rocks and the car stalled." Some onlookers informed the occupants of the car that it was on a pile of rocks.

Defendant testified:

"My wife stated there were some rocks there, and at the same time it seemed like I was on something. So Mr. Kaffenberger [plaintiff] * * * and I got out of the left side and walked to the back of the car and looked at it. * * * There was a pile of rocks there."

On cross-examination defendant said he saw rocks around the car, the rear end was near the pile of rocks, but that he could not tell whether rocks were under the wheel. Defendant's wife testified:

"He did go a little bit too far off the road, and just as he got over the sidewalk I noticed these rocks and said, 'There are some rocks,' and just about at the same time he was on them and the car stopped."

Plaintiff said:

"Holle [defendant] and I got out and looked and saw there were some rocks under either the axle or spare tire carrier or something that held the right wheel off the ground and couldn't get any traction."

Plaintiff and defendant took hold of the right rear fender and rear bumper and tried to push the car back and forth. After two or three such attempts the car had not moved. Defendant then announced, "I'll get this thing off of there." Plaintiff and his wife both testified plaintiff asked defendant what he intended to do; defendant made no answer, got in the car, started the motor, the motor "roared," the car "shot" ahead, a rock was thrown out back of the car which struck plaintiff in the leg and broke it.

Defendant testified:

"I left Mr. Kaffenberger standing in back of the car. I just walked away from him and went up to the left side of the car and got in and turned the key on and started the car and went ahead. I went ahead about three car lengths and stopped and there was a boy running to us and said, 'The fellow that's with you is hurt.'"

The testimony is without dispute that defendant gave no warning of his intention to start his car, unless his statement "I'll get this thing off of there" might be considered such warning. Defendant's wife testified:

"Both Mr. Kaffenberger and Mr. Holle got out and went to the back and talked about it. * * * a short time later Mr. Holle came back and got in the car. He didn't say anything to us about what he was going to do either."

A bystander, Mrs. Enright, a witness for defendant, said on cross-examination she did not know and nothing was said that anyone was going to start the car.

Plaintiff testified:

"I did not know just what was going to happen, and didn't know whether he was going to get the switch key and get the jack out, or just what was going to take place there until I heard the motor, and the first thing I knew the car went for-

ward and I jumped back and I couldn't get out of the way and a rock caught me between the knee and the ankle and the car shot forward * * * Q. Had you had any warning he was going to start the car? A. No, sir. * * * There was nothing said and I did not know what he was going to do. He made no statement and didn't do no talking. Q. At the time you may state whether or no Mr. Holle appeared to be in angry or— A. Yes, he was quite mad.''

Plaintiff testified the keys to the car were in the ignition switch and the trunk to the car was locked.

Plaintiff said he was four or five feet back of the car when he was injured:

''I had stepped away from it because I didn't know just what he was going to do. * * * I tried to get away, though, as soon as I heard the motor roar.''

There were men, women, and children about five or six feet back of plaintiff when he was struck. One of the women was directly back of plaintiff and testified she thought she would have been struck by the rock which ''flew out from under'' the car if it had not struck plaintiff. Plaintiff said there were grown people standing talking, and children running up and down the sidewalk, back of him. A car belonging to Horn was parked on the street side of the sidewalk to the west of defendant's car, which was headed east in the parking lot. Horn testified:

''Rocks were flying around there—little pieces of rock were hitting my car * * * Q. Was it rocks from this car that had parked there * * * A. Rocks from that car. They were only small. I could only hear some of them hit the right front fender of my car * * * The rocks were from the east and I was on the west side of the sidewalk. Q. They were broken pieces of rock? A. Yes.''

Otto, a bystander who helped push on defendant's car, testified for defendant:

''He [plaintiff] was right behind the left rear wheel and helped push, and the wheel picked up a rock and hit him in the

leg and broke his leg. It was a rock about twenty to twenty-five pounds that hit the man, I should judge.''

Plaintiff denied he or anyone else was then pushing on the car and maintained he had stepped back four or five feet when he was injured. This is consistent with the testimony of defendant's wife that the car ''seemed to go off on its own power.''

It is apparent there is substantial evidence that defendant was fully aware his car was stalled on a pile of rocks and one or more rocks were either under or near one of the rear wheels; he knew plaintiff and several bystanders were in the rear of the car; defendant started his motor impatiently while he was angry, without giving timely warning of his intention so to do, even though plaintiff had inquired what he intended to do. From the testimony that the motor ''roared,'' the car ''shot'' ahead and rocks were forcibly thrown a considerable distance to the rear, it may fairly be inferred that defendant suddenly applied more power than he should have applied, in the exercise of ordinary care under the circumstances, and that defendant's failure to give warning and to use due care in starting his car caused plaintiff's injury.

Defendant argues that a reasonably prudent person would not have foreseen any danger in applying the power of the car. Reliance is placed on this answer of plaintiff on cross-examination:

''Q. Did you feel that if he was to apply power to his rear wheels there was danger of a rock being thrown out? A. I didn't think a rock would come out, no, sir.''

We may assume, without deciding, that danger was not reasonably to have been foreseen from the mere application of power in the ordinary way. Here, however, there is evidence that defendant suddenly applied an extraordinary amount of power, which caused the motor to roar, the wheels to spin, the car to shoot forward, and rocks to be forcibly thrown against a car on the opposite side of the sidewalk. We cannot say as a matter of law, from the quoted answer of plaintiff nor from the testimony as a whole, that danger or probability of harm from the application of power in that manner was not foreseeable to a reasonably prudent person.

It is sufficient to constitute negligence that the person charged should have foreseen his act or omission would probably result in injury of some kind to some person; he need not have foreseen the particular injury that resulted. Haase v. Morton & Morton, 138 Iowa 205, 208, 209, 115 N. W. 921, 16 Ann. Cas. 350; Burk v. Creamery Pkg. Mfg. Co., 126 Iowa 730, 734, 102 N. W. 793, 106 Am. St. Rep. 377, and cases cited; Doyle v. Chicago, St. P. & K. C. Ry. Co., 77 Iowa 607, 42 N. W. 555, 4 L. R. A. 420; 38 Am. Jur. 667, 671, section 24; annotation 155 A. L. R. 157.

The exercise of reasonable care under the circumstances required defendant to refrain from conduct reasonably likely to cause injury to others. Measured by this test, it cannot be said as a matter of law that defendant's conduct constituted reasonable care. Hence it was proper to submit the issue of defendant's negligence to the jury. See Shatto v. Grabin, 233 Iowa 46, 50, 6 N. W. 2d 149, 151.

Defendant contends, conceding he was negligent under the circumstances in applying power to the wheels of his car, it does not appear such negligence was the proximate cause of plaintiff's injury. In support of this contention, defendant argues:

"It is just as reasonable—in fact, more reasonable—to believe that the weight of this car rested upon a rock which was lodged under the tire-well or axle and when the men pushed the car forward off of the rock, the rock squirted out in the manner of a tiddlywink and struck the plaintiff."

The effect of this argument is that the accident did not happen in the manner claimed by plaintiff. Perhaps a finding would be proper that the rock was thrown against plaintiff in the manner defendant suggests. However, there is certainly sufficient evidence to warrant the finding that it was the negligent application of power to the wheels that caused the rock to be thrown out.

As stated, plaintiff testified no one was pushing on the car at the time defendant applied the power; defendant's wife said the car seemed to go off on its own power; defendant's witness

Otto testified on direct examination, "the wheel picked up a rock and hit him in the leg." Further, even though it may have been possible the rock that struck plaintiff "squirted out" in the manner defendant suggests, it is improbable the rocks were thrown against the Horn car in that manner. That rocks struck the Horn car when defendant's car went ahead lends support to plaintiff's theory of how the accident happened. Further, that the rock which hit plaintiff was thrown out at the time defendant caused his motor to roar and the car to shoot forward is evidence that the negligent application of power caused the rock to be thrown. The issue of proximate cause was for the jury.

These cases, though not entirely analogous on the facts, lend support to our conclusion that the issues of negligence and proximate cause were for the jury: Railway Express Agency v. Brown, 25 Ala. App. 121, 141 So. 726; Williams v. Williams, 210 Wis. 304, 246 N. W. 322; Blakemore v. Stevens, 188 Ark. 755, 67 S. W. 2d 733; Payne v. City of New York, 277 N. Y. 393, 14 N. E. 2d 449, 115 A. L. R. 1495; Huston v. Lindsay, 224 Iowa 281, 287, 276 N. W. 201; Laudner v. James, 221 Iowa 863, 266 N. W. 15; Doyle v. Chicago, St. P. & K. C. Ry. Co., 77 Iowa 607, 42 N. W. 555, 4 L. R. A. 420.

Defendant contends contributory negligence of plaintiff is shown, as a matter of law, and in any event, plaintiff failed to establish his freedom therefrom. It is argued that danger was as apparent to plaintiff as to defendant and that plaintiff voluntarily placed himself in a position of peril. However, we think here, as ordinarily, the issue of plaintiff's freedom from contributory negligence was for the jury.

As stated, the jury could find defendant did not give adequate warning that he intended to start his motor. Plaintiff insisted he did not know what defendant was going to do. We are not justified in saying plaintiff was bound to know defendant was about to start his motor. Plaintiff had asked defendant what he intended to do but received no answer. Plaintiff stepped back and "tried to get away" as soon as he "heard the motor roar." Even if it might be said plaintiff should have known defendant was about to start his motor, he had a right

to assume, until he had notice to the contrary, defendant would exercise reasonable care in so doing and would not act in a manner likely to cause injury to another. While plaintiff was under a duty to exercise ordinary care himself, he was not required to anticipate negligence on the part of defendant. Stafford v. Gowing, 236 Iowa 171, 178, 18 N. W. 2d 156, 159, and authorities cited.

Reasonable minds might well differ as to whether plaintiff was guilty of contributory negligence. Hence it was a question for the jury. Shatto v. Grabin, 233 Iowa 46, 50, 6 N. W. 2d 149, 151; Huffman v. King, 222 Iowa 150, 156, 268 N. W. 144; Roberts v. Hennessey, 191 Iowa 86, 95, 181 N. W. 798; 38 Am. Jur. 1052, section 348. Tending to support our conclusion on the question of contributory negligence are Huston v. Lindsay, 224 Iowa 281, 285, 276 N. W. 201; Ridge v. Jones, 335 Mo. 219, 71 S. W. 2d 713; Kosinski v. Kosinski, 118 Conn. 701, 172 A. 924; Williams v. Williams, 210 Wis. 304, 246 N. W. 322; Blakemore v. Stevens, 188 Ark. 755, 67 S. W. 2d 733.

Defendant also contends the accident could not have happened in accordance with plaintiff's theory and supporting proof. Basis for this contention is testimony of an automobile mechanic produced by defendant that if a rock is under the tire-well of a Dodge car in such a way that it lifts the right wheel off the ground but the left wheel remains on the ground, the car cannot move upon its own power. It is sufficient answer to this contention that in the face of the evidence as to how the accident happened, to which we have already referred, the testimony of the mechanic need not be accepted as a verity. At most it raised merely a conflict in the evidence which was for the jury to resolve.—Affirmed.

BLISS, C. J., and OLIVER, HALE, MILLER, SMITH, MANTZ, and MULRONEY, JJ., concur.

WENNERSTRUM, J., not sitting.