RICHARD McGREAN, Appellee, v. Bos FREIGHT LINES, INC., Appellant.

No. 47381.

(Reported in 36 N. W. 2d 374)

March 8, 1949.

Parrish, Guthrie, Colflesh & O'Brien, of Des Moines, for appellant.

C. Glenn Garten and Steward & Crouch, all of Des Moines, for appellee.

SMITH, J.—Both parties say there is little dispute in the facts. The defendant assigns and argues four errors: 1. Failure to find as a matter of law that defendant was not guilty of any negligence which was the proximate cause of plaintiff's injury. 2. Failure to find as a matter of law that plaintiff was not shown free from contributory negligence. 3. Failure to instruct as to the effect, if it should be found plaintiff knew, or in the exercise of reasonable care should have known, of the alleged dangerous situation on defendant's premises. 4. Claimed excessiveness of the $10,000 verdict.

Plaintiff was injured the forenoon of May 23, 1947, while

delivering merchandise to defendant's warehouse. An ice pick which had been stuck in the wall fell or was knocked down, striking and causing total and permanent loss of sight of his right eye. His employer, Watson Bros. Transportation Company, and defendant are trucking companies, with a reciprocal arrangement for interchanging freight where necessary because of varying routes.

Plaintiff was delivering to defendant for further transportation a consignment of fifteen wheelbarrows without buckets, that is, consisting merely of frames and wheels. His truck was backed up to the east side of the outside platform (called the "outer dock") of plaintiff's warehouse. It was about seven feet in depth (east and west) and covered by a canopy. Double doors or one large overhead door opened from the back of this outer dock to the west into the inside dock or stall in which the wheelbarrows were to be placed.

There were no other outside openings in this inner dock and no artificial lights were burning at the time. (We of course set out the record in its aspect most favorable to plaintiff.) The inner dock was so filled with freight as to leave only a narrow aisle along its south wall extending back about twelve feet to its west wall just wide enough (about two feet) to permit the wheelbarrows to be wheeled in, one at a time, and stacked against the back or west wall, and extending thence eastward toward the front.

About midway from front to rear in this south wall was a plywood panel about the size of a door—possibly serving to close an old doorway into the room or compartment to the south. Into this panel an ice pick had been stuck approximately five feet up or a little higher from the floor. It had been there, to the knowledge of defendant's terminal manager, Larson, at least several months and had apparently been used to hold up an old union bulletin. The record does not show who placed it there. Plaintiff testified that prior to this occasion he had made but one delivery to defendant and he did not then enter the freight house as he had a helper who carried the merchandise in.

On the occasion of his injury plaintiff says the sun was

shining bright but because of the canopy over the outer dock, the truck backed up opposite the door to the inner dock and the lack of any artificial lighting or any other outside opening except the door, it was so dark inside that it was difficult if not impossible to read the tags. Larson told him where to put the wheelbarrows. He wheeled them in one at a time. On the twelfth trip, as he stacked the twelfth wheelbarrow against the eleventh, the ice pick fell striking and penetrating his eye — "* * * when I pulled out the ice pick and then that is when the blood run down my face so I just stood there."

I. We have sketched the facts hurriedly. The first inquiry is as to the sufficiency of the evidence to sustain a finding of defendant's negligence. The situation is unusual. No case involving comparable facts is cited by either party. The duty of the owner of premises to foresee probable harmful consequences is stated as well as anywhere in Kapphahn v. Martin Hotel Co., 230 Iowa 739, 746, 298 N. W. 901, 905, quoting from Henry T. Terry, Essay on Negligence, Selected Essays on the Law of Torts, 263, cited by defendant:

" 'When due care consists in taking precautions against harm, only reasonable precautions need be taken, not every conceivable or possible precaution. And precautions need not be taken against every conceivable or foreseeable danger, but only against probable dangers.' "

It is not the general statement of the law that troubles us. There is no material difference between the authorities cited by appellant and those relied on by appellee so far as the principle of law is concerned. In the Kapphahn v. Martin Hotel Co. case already referred to it is further said at page 747 of 230 Iowa, page 906 of 298 N. W.: "If a harmful consequence was not reasonably foreseeable, that is, was an improbable consequence, one which could not reasonably have been anticipated, there is no negligence." But when is the court to say, *as a matter of law,* that danger should not have been reasonably anticipated, and when should the question be left to the jury? Who is to determine when the situation is such that a reasonably prudent

man should not have foreseen the probability of injury resulting?

We confess the instant case is close. Questions of possibility or probability are not ordinarily easy. Defendant argues that an ice pick is not a dangerous instrumentality, and that sticking it into a wall did not make it one. Plaintiff on the other hand emphasizes that the nature and use of the premises and the location of the condition complained of are important. Defendant's premises were intended to be and were used by drivers of other transportation companies who in delivering freight in dim light and under crowded conditions would be compelled to pass in close proximity to the ice pick. Plaintiff was an invitee.

It is true we have said: "It is sufficient to constitute negligence that the person charged should have foreseen his act or omission would probably result in injury of some kind to some person"; but we added, "he need not have foreseen the particular injury that resulted." Kaffenberger v. Holle, 237 Iowa 542, 547, 22 N. W. 2d 804, 807, citing Haase v. Morton & Morton, 138 Iowa 205, 208, 209, 115 N. W. 921, 16 Ann. Cas. 350; Burk v. Creamery Pkg. Mfg. Co., 126 Iowa 730, 734, 102 N. W. 793, 106 Am. St. Rep. 377, and cases cited; Doyle v. Chicago, St. P. & K. C. Ry. Co., 77 Iowa 607, 42 N. W. 555, 4 L. R. A. 420; 38 Am. Jur. 667, 671, section 24; annotation 155 A. L. R. 157.

It is not a sufficient answer to these authorities to point out that the cited cases involved facts entirely dissimilar to the facts here. It is enough if they are analogous as we think they are. Recent decisions of this court have gone far in holding it proper to submit to the jury the duty of resolving close fact and inference cases to the jury. See e.g. Lawson v. Fordyce, 234 Iowa 632, 12 N. W. 2d 301.

The record here is clear that the existence of the condition had been known to defendant's terminal manager several months. There is abundant evidence the room was poorly lighted. The ice pick, described as having a wooden handle about three inches long and a five-inch steel point, stuck in the plywood panel shoulder high, constituted a potential danger to invitees handling freight in the warehouse, especially under crowded conditions sure to exist at times—invitees easily ignorant of its

existence and with no reason to be on the lookout for such a situation.

■ We have said the question is close. In such case we deem it our duty to resolve our doubts in favor of submission to the jury. There was substantial evidence of the circumstances we have pointed out and the question of whether reasonable prudence should have suggested probable danger was for the jury.

■ II. We have less trouble under this record with the question of contributory negligence. Plaintiff testifies positively as to his ignorance of the presence of the ice pick. It had nothing to do with the ordinary business or activity carried on or reasonably expected to be carried on in the warehouse. The jury could easily find on the evidence not only that plaintiff did not see the pick but also that in the exercise of reasonable care he may easily not have seen it.

He had never before delivered freight in the inner dock. Appellee argues that he had that morning made eleven round trips and had passed the point where the ice pick was stuck in the wall twenty-two times. But this, in face of his denial of having seen it, merely created a jury question. The court could not say as a matter of law that he must have seen the pick or, in the exercise of reasonable care, should have seen it. The light was dim. Plaintiff entered each time from the sunlight into the shadow, pushing a wheelbarrow along a narrow two-foot aisle or corridor. It was not for the court to say he must have seen the danger or was, as a reasonably prudent man, under any duty to have seen it. The fact that others had on other occasions and perhaps under different circumstances seen the ice pick was merely a consideration to be argued to the jury. It could not be held to convert the issue of contributory negligence into a law question.

■ III. The court, in instruction No. 5, defined the duty of an owner or occupant of premises to an invitee in the course of which this language was used:

"The liability of an owner or occupant to an invitee * * * must be predicated upon a superior knowledge concerning the dangers of the premises to persons going thereon. It is when

324

the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted."

Defendant objected to it because there was not added the proposition "that if the jury finds the plaintiff was aware, *or in the exercise of ordinary care should have been aware*, of the location of the ice pick, its position and manner of being driven in the wall, you should find for the defendant."

The thought of the part we have italicized is of course the law. It was however substantially embodied in instruction No. 7:

"Plaintiff was not bound to anticipate negligence, if any, of the defendant, unless and until he was apprised of, *or in the exercise of reasonable care should have been apprised of*, reason to do so. * * * You are instructed that if the plaintiff knew *or should have known of the location of the ice pick* * * * and failed * * *."

We think there was no error in omitting similar language from instruction No. 5 in explaining the status of an invitee. The instructions as a whole were clear and free from confusion.

■ IV. Defendant contends the verdict of $10,000 is excessive and indicative of passion and prejudice. No cases are cited in support of the contention nor are any cited by plaintiff to sustain the verdict. It may be conceded precedents are of little value on this question. Frequently other elements of injury are present besides the loss of the eye, and each case presents conditions different from every other. Many decisions pro and con could doubtless be cited involving various amounts both lower and higher than the amount of this verdict. See cases listed in 1 Parmele Damage Verdicts 323; 25 C. J. S., Damages, section 198j(2), note 6; 15 Am. Jur., Damages, section 213.

At the time of this trial the injured eye had not been removed though its sight was of course completely and permanently destroyed. The doctor who treated it testified:

"It is very probable that the eye will have to be removed. * * * If this eye continues to flare up or be inflamed * * * then the only safe thing to do from the standpoint of saving

the vision in his other eye would be to enucleate or remove the injured eye."

It is true that up to the time of trial there had been no diminution of earning power but plaintiff now drives a small pickup truck instead of a semitrailer. It is safe to say that eventually his power to earn will be materially impaired by his injury. Plaintiff was twenty-five years old. He had been a machine gunner in the Infantry over three years and his eyesight was then perfect, he having received a marksmanship medal while in service.

We do not deem the verdict excessive or indicative of passion and prejudice.

The judgment is affirmed.—Affirmed.

MANTZ, C. J., and OLIVER, BLISS, HALE, GARFIELD, MULRONEY, and HAYS, JJ., concur.