Floyd T. Reuter, appellant, v. Iowa Trust & Savings Bank, appellee.

No. 48192.

(Reported in 57 N.W.2d 225)

March 10, 1953.

REHEARING DENIED MAY 8, 1953.

Ver Ploeg & Ver Ploeg, of Oskaloosa, for appellant.

Gilbert & Scholz, of Oskaloosa, for appellee.

HAYS, J.—Appeal from a directed verdict for the defendant in an action for damages due to a fall on ice-covered steps. Plaintiff appeals, raising the issues of defendant's negligence, contributory negligence and proximate cause, the motion to direct having been sustained generally. However, for the purpose of this appeal it is conceded by the plaintiff that the only issue is as to the negligence of the defendant, the sufficiency of the other matters being admitted.

▉▉ It is clear that the appellant stands in the position of an invitee. Rodefer v. Turner, 232 Iowa 691, 6 N.W.2d 17. It is the generally accepted rule that a landlord who rents separate parts of his premises to a number of different tenants, permitting them to use in common various parts of the property which are not included in the various leases, will be presumed to have retained control of these "common parts of the premises" as to which he will be in the position of a general owner of land who invites or permits others to use his premises, owing a duty of reasonable care to keep the property in a reasonably safe condition for the contemplated use. Keeran v. Spurgeon Mercantile Co., 194 Iowa 1240, 191 N.W. 99, 27 A. L. R. 579; Primus v. Bellevue Apartments, 241 Iowa 1055, 44 N.W.2d 347, 25 A. L. R.2d 565; 52 C. J. S., Landlord and Tenant, section 417; annotation 26 A. L. R.2d 610. This duty is the same to an invitee as to a tenant. Casey v. Valley Savings Bank, 231 Iowa 19, 300 N.W. 733; 52 C. J. S., Landlord and Tenant, section 424(a). He is not however an insurer. Noyes v. Des Moines Club, 178 Iowa 815, 160 N.W. 215; Shreve v. Edmundson Art Foundation, Inc., 243 Iowa 237, 50 N.W.2d 26.

The record in its most favorable light to appellant shows: Appellee, owner of the building, occupies the first floor for its place of business which is accessible to the public by steps leading from the sidewalk thereto. They are located to the south of the steps in question, the exact distance not appearing. The second floor is devoted to offices leased to various tenants. Entrance thereto is by means of four steps leading from the sidewalk to a landing within the building, thence to a stairway. The steps are concrete and built in a semicircle so that they may be ascended from any angle. They are not covered or protected by a canopy and there is no handrail.

On March 10, 1951, the date of the accident, snow started falling sometime in the forenoon. It continued to fall until sometime after the accident, gaining in volume as the day progressed. It was intermingled with rain, sleet, driving winds and a subfreezing temperature. As stated by several of the witnesses, it was the heaviest snowfall of the winter. About 4 p.m. appellant, a resident of Oskaloosa, Iowa, and entirely familiar with the physical arrangement of the building and steps, went to the office of one of the second-floor tenants. About an hour later, when leaving the building, he slipped on the top outside step, fell and sustained the injuries complained of.

Appellant, as a witness, stated that on entering the building he observed that the steps were snow packed and rough; that it was snowing at the time; that he had no difficulty in entering; that on leaving he reached the top outside step, slipped on the snow-and-ice-covered step and fell.

One Clarence Pickerall, as a witness, stated that he was a tenant on the second floor. On the day of the accident he was in and out of the building several times and observed that the steps were snow packed and slippery. It snowed most of the day, being heavier in the afternoon. Not to his knowledge were the steps cleaned that day.

Sarah Smith, as a witness, said that she observed the steps after the accident and they were rough and snow packed. She saw no evidence of the steps having been cleaned.

Senator A. E. Augustine, also a witness, stated that appellant had been in his office in the building on the day in question;

942

that when he entered the building about 1:30 p. m. there was some snow on the steps as there was everywhere. It snowed hard all afternoon and was still snowing when he left about 5 p. m.; at that time the steps were snow packed, being deeper in front of the door than at the edge; that he had officed in the building for twenty years and had never heard of anyone slipping there, except the appellant.

Under this record, was there such a breach of duty toward the appellant by the appellee as would constitute negligence? It must be conceded that the steps were slippery and dangerous, and had the appellee been an insurer, or had by contract agreed to keep the steps in a safe condition, there would be such a breach of duty as to warrant a finding of negligence. However, the duty is only to exercise reasonable and ordinary care to keep them safe, and the question is therefore not, except perhaps incidentally, whether they were safe but whether or not the appellee had failed to use reasonable care to keep them safe. It is quite a different duty. Armstrong v. City of Des Moines, 232 Iowa 711, 6 N.W.2d 287; Drible v. Village Improvement Co., 123 Conn. 20, 192 A. 308.

Appellee asserts that this state is committed to the "superior knowledge" rule and cites Parsons v. H. L. Green Co., Inc., 233 Iowa 648, 652, 10 N.W.2d 40, 42, as authority therefor. The Parsons case, like the case at bar, involves accumulated ice and snow. There it was on an inside stairway, brought in by visitors at the store. Here it was on outside steps, deposited by the elements but made rough by visitors to the building walking across the steps. The court, quoting 38 Am. Jur., Negligence, section 97, page 757, states the general rule to be as follows:

"The liability of an owner or occupant to an invitee for negligence in failing to render the premises reasonably safe for the invitee * * * must be predicated upon a superior knowledge concerning the dangers of the premises to persons going thereon. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. The owner is liable * * * 'if such condition was known to him and not to them, *and was negligently suffered to exist*' * * *." (Italics added.)

The court therein says, page 651 of 233 Iowa:

"There was no evidence * * * how long this slush had remained on the steps. * * * Such condition is temporary and not a permanent dangerous structural defect as in most of the cases where recovery has been held. We cannot say that a failure to follow and remove immediately every deposit of snow that is brought into a building can reasonably be held to be a breach of duty * * * and so constitutes negligence. Such is not the holding of the courts where this question has arisen. To so require would demand an exercise of such extraordinary care as to be unreasonable."

Thus it appears as if the Parsons case is determined, not upon the question of knowledge or lack thereof, but upon whether it was *negligently suffered to exist*. While the "superior knowledge" rule has been recognized in Webber v. E. K. Larimer Hardware Co., 234 Iowa 1381, 15 N.W.2d 286, and McGrean v. Bos Freight Lines, 240 Iowa 318, 36 N.W.2d 374, they are not cases involving slippery conditions due to ice and snow.

We think the sensible and correct rule to apply to cases, such as at bar, is well stated in Walker v. Memorial Hospital, 187 Va. 5, 13, 45 S.E.2d 898, 902, where it is said:

"The authorities are in substantial accord in support of the rule that a business establishment, landlord, carrier, or other inviter, in the absence of unusual circumstances, is permitted to await the end of the storm and a reasonable time thereafter to remove ice and snow from an outdoor entrance walk, platform, or steps. The general controlling principle is that changing conditions due to the pending storm render it inexpedient and impracticable to take earlier effective action, and that ordinary care does not require it."

See also 65 C. J. S., Negligence, section 88; Valentine v. State, 95 N. Y. S.2d 827; annotation 26 A. L. R.2d 610, 621. This, in effect, is the rule adopted in the Parsons case. We apply it to the case at bar.

Appellant makes mention of the absence of a guard or handrail as constituting negligence. Of course, the presence or

absence of a railing· is a factor to consider along with all of the other physical factors, but we are not prepared to say, under this record, that the absence thereof constitutes negligence or when considered with the other facts in the case is sufficient to warrant submission to a jury of appellee's "failure to exercise ordinary care to remedy the unsafe condition caused by the accumulation of ice and snow." See also In re Estate of Held, 231 Iowa 85, 300 N.W. 699.

We think the trial court was correct and that the judgment should be and is affirmed.—Affirmed.

SMITH, C. J., and OLIVER, GARFIELD, WENNERSTRUM, MULRONEY, THOMPSON, and LARSON, JJ., concur.