Angela **PETERSEN**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

Civ. No. 3-660-D.

United States District Court
S. D. Iowa,
Davenport Division.

Dec. 22, 1965.

Thomas F. Daley, Jr., Davenport, Iowa, for plaintiff.

Donald M. Statton, U. S. Atty., Des Moines, Iowa, for defendant.

STEPHENSON, Chief Judge.

Plaintiff brought this action under the provision of the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and § 2671 (1958). Plaintiff, Angela Petersen, a resident of Davenport, Iowa, seeks damages for injuries she sustained in a fall at the entrance to the Post Office building in that city on December 18, 1963. She alleges that as she was in the process of leaving defendant's premises, she slipped and fell on the stoop and steps leading to the sidewalk. She claims that defendant through its employees was negligent in failing to remove ice and snow from said stoop and steps, and in failing to keep said stoop and steps reasonably safe for her use as a patron of the Post Office.[1] Defendant denies its employees were negligent and further alleges that plaintiff's injuries were sustained solely by reason of plaintiff's own negligence. Plaintiff suffered injuries to her back as a result of the fall. The case was tried to the Court as provided by law.

Plaintiff was 65 years of age at the time of the fall. She had been shopping and was carrying two sacks of packages and her purse when she left the east entrance to defendant's Post Office after previously entering the west entrance and depositing mail. To leave the Post Office at the east entrance she passed through two sets of double doors and outside onto an open stoop of cement construction which measured 60 inches from the door to the outside edge and was 90 inches wide. From the stoop there are three cement steps leading to the sidewalk. There were no handrails in place at the time. It was a clear cold day, the temperature being near the zero mark. It had snowed 3.2 inches the previous day; the snow ending at 9:30 the previous night.

Plaintiff fell about three o'clock in the afternoon. She recalls that as she stepped through the outside doors she started sliding and fell down on the upper stoop. She didn't see anything as she fell but felt it was slick underfoot. Her recollection is that she helped herself up and after re-entering the Post Office she was interviewed by the Postmaster and later given a ride home by the Postal Inspector.

■ Plaintiff was an invitee on the premises. Defendant owed her a duty to use reasonable care in keeping the premises in a reasonably safe condition for her use as a patron in departing from the premises through the public entrance provided. Defendant is not, however, an insurer of her safety. Reuter v. Iowa Trust and Savings Bank, 244 Iowa 939, 57 N.W. 2d 225 (1953).

■■ The first issue then is whether defendant failed to use reasonable care in keeping the premises in a safe condition. It is plaintiff's burden to establish that defendant failed to do so. This plaintiff failed to do. The weight of the evidence indicates defendant used due care to keep the premises safe. The snow was removed by defendant's employees commencing at 5:30 o'clock that morning. Salt pellets were applied to the steps and stoop which melted any ice or snow remaining. At the time of the accident the traveled portion of the stoop and steps was, at the most, damp. Salt pellets were still present in the area. Failure to furnish a handrail did not effect plaintiff's fall. There was no need for any warning of possible danger. Under the circumstances defendant took reasonable steps to insure the premises were reasonably safe for its patrons.

---

1. Specifically, she also claims negligence in failing to furnish a handrail, and failure to warn of the dangerous condition then existing.

In view of the Court's finding that plaintiff has failed to establish any negligence on the part of the defendant which caused plaintiff's injuries, no useful purpose would be served by discussing other issues in the case. The foregoing constitutes the Court's findings of fact and conclusions of law. Judgment will enter in favor of the defendant at plaintiff's costs.