CARRIE ANDERSON v. JOHN AMBROISE.[1]

June 1, 1928.

No. 26,669.

**Error to charge jury that plaintiff had burden of proving defendant knew or should have known plaintiff was in such a position that she could not escape injury.**

A charge in a negligence case, that plaintiff has the burden of proving that defendant knew or, in the exercise of ordinary care, should have known that the party injured was in such a position that she could not escape injury, *held* error.

Motor Vehicles, 42 C. J. p. 1276 n. 4.

Plaintiff appealed from an order of the district court for St. Louis county, Kenny, J. denying her motion for a new trial. Reversed.

*John Swinland,* for appellant.

*Whipple & Atmore* and *L. K. Eaton,* for respondent.

OLSEN, C.

Appeal by plaintiff from an order denying her motion for a new trial.

The action is one to recover damages for personal injury claimed to have been sustained by the plaintiff by reason of defendant's alleged negligence in the operation of an automobile.

The only errors necessary to be considered are in reference to the charge of the court. The situation was substantially as follows: The plaintiff was riding with defendant as his guest in his automobile. It was after dark. The automobile became stalled on an icy place in the road in attempting to go up a rise to turn off from the road onto a driveway to a farmhouse. The road at the turn was somewhat slanting and covered with snow and ice, and the automobile failed to hold traction on the road, so that the wheels spun

[1]Reported in 219 N. W. 769.

around on the ice and the car stalled. Plaintiff claims in her testimony that attempts were made to get the car to move up the rise and failed; that she was thereupon requested by defendant to get out of the car, which she did; that she was on the downward slant side of the car and intended to walk to the rear thereof; that she told defendant to let her know when he was going to start the car; that he suddenly started the car without warning her as she was walking alongside the car towards the rear thereof; that the car suddenly skidded towards and against her, threw her down, and caused her injury; and that defendant was negligent in so starting the car without warning her.

The court at the outset correctly defined negligence and the relative duties of the parties and the circumstances under which defendant would be liable. Later on in the charge the court made a number of statements which were not accurate. It stated, in reference to defendant's negligence:

"If he did not know or in the exercise of ordinary care would not have known that she was in such a position that she could not escape, then, of course, he was not guilty of any fault or negligence."

Again it stated:

"The burden is upon the plaintiff to prove that he [defendant] was negligent; that is, she must prove in the first place the conditions there were such that a person of ordinary prudence would have anticipated that the car would do just what it is claimed it did and, in the second place, she must also prove that he knew or, in the exercise of proper care, should have known that she was in a position of danger and could not escape if he were to start the car without warning."

Further on:

"If, from what happened there, she had notice or warning that he was about to start up, and in the exercise of ordinary prudence and care could have gotten out of the position of danger, then she herself was guilty of contributory negligence."

And again:

"And if she was in a position where she intended to be, and in that position was injured when the car was started, then the defendant here cannot be charged with any negligence."

The trouble with these several statements in the charge is that, in the first place, they permit defendant to escape liability if he did not know or, in the exercise of ordinary care, would not have known that plaintiff was in a position where she could not escape injury, and cast upon her the burden of proving that he so knew, or, in the exercise of proper care, should have so known. It was not necessary that he should have definite knowledge or be in a position where, by the exercise of proper care, he would know that she could not escape. All that was necessary was that he knew or, in the exercise of ordinary care, should have known that she was in danger; nor was it required that he should have anticipated that the car would do just what it is claimed it did. It would be sufficient that he should have anticipated that injury might happen if he started the car without warning. Again, the statement, that if she was in a position where she intended to be and was injured then the defendant was not negligent, was incorrect. She was undoubtedly in a position where she intended to be, and the question in that connection was a question of whether or not she knew or should have known that she was in a dangerous position and should and could have avoided danger—a question of contributory negligence. The statement that if she had notice of the intention to start the car and, in the exercise of ordinary care and prudence, could have gotten out of danger ignores the question of whether or not she then knew or should have known and appreciated that she was in a dangerous position.

Ordinarily where, as here, the charge at the outset states the correct rules, misstatements in other parts of the charge, if it can be said that they did not mislead the jury, should be disregarded and treated as mere inadvertences. But there were here so many statements directing particular attention to parts of the evidence and stressing the idea that before defendant could be held liable he must

have known or had reason to know that plaintiff was in a position where she could not escape that we cannot say on this charge that the jury might not have been misled; and in that situation we deem it our duty to return the case to the district court for a new trial.

Reversed and a new trial granted.