ROHR, Respondent, vs. EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Appellant.

*April 13—May 18, 1943.*

For the appellant there were briefs by *Bouck, Hilton & Dempsey* of Oshkosh, and oral argument by *Ray C. Dempsey.* *M. S. King* of Wisconsin Rapids, for the respondent.

FOWLER, J.   The defendant is the obligor under its policy issued to indemnify Paul F. Neverman against damages recoverable from him for injuries caused in operating his automobile.   The plaintiff and Neverman were taking a trip together in the latter's automobile.   A tire went flat while on a paved road in the country in Illinois.   They together undertook to change the wheel to which the deflated tire was attached.   This wheel was the right rear wheel of the car.   The car was standing on the right side of the road partly on the pavement and partly on the shoulder.   Neverman was engaged in jacking up the wheel by placing the jack under the rear bumper near its right end.   The jack was on the concrete, which was covered with a thin coating of ice.   While Neverman was so engaged the plaintiff had taken the wheel to be substituted from the compartment at the rear of the car and was standing beside Neverman balancing the wheel as it stood on the pavement.   While he was so standing and Neverman was working the jack, the bumper slipped off the jack, or the jack slipped from under the bumper and the car in falling went backward and struck the plaintiff breaking his leg.   A trucker came along and helped with changing the wheel.   Before replacing the jack beneath the bumper he pounded the ice off the pavement where he placed it.   The plaintiff knew as much about changing car wheels when a tire goes flat on the road as did Neverman.

The case was submitted to the jury upon a special verdict the basic question of which is as follows: "Was Paul F. Neverman guilty of wilful and wanton misconduct in attempting to change the tire on his automobile at the time and place in question?" The jury answered "Yes."

It is contended by the appellant and the point was duly raised that the evidence does not support this finding of the jury. If appellant is correct in this there is no need to consider any other one of the numerous conflicting claims of the parties.

As the accident involved occurred in Illinois it must be decided upon the Illinois law. It is conceded that the parties did not sustain the relation of guest and host at the time of the injury under the Illinois host-guest statute because the plaintiff was not riding in Neverman's automobile when injured, but both parties were outside the car engaged in changing a tire. Therefore the Illinois statute governing liability in host-guest cases does not apply. Sec. 58a, ch. 95½, Ill. Rev. Stats. 1941. This statute absolves a host from liability to his guest unless the injury is proximately caused by wilful and wanton misconduct. Liability is not claimed under this statute, but under the common-law rule that a person must respond in damages for injuries caused by his wilful and wanton misconduct. The phrase "wilful and wanton" as used in the question submitted means the same as in the statute. As to what those words mean under the Illinois law the respondent cites twenty-six decisions of the Illinois courts. We shall assume, without attempting to square all these decisions with each other, that the latest decisions of the Illinois courts defining the phrase "wilful and wanton" correctly state the Illinois law. If they do not there is no telling what that law is.

These decisions are that of the Illinois court of appeals in *Bartolucci v. Falleti*, 314 Ill. App. 551, 558, 41 N. E. (2d) 777, and that of the Illinois supreme court on appeal to

that court of the appellate court's judgment, handed down March 11, 1943, 382 Ill. 168, 46 N. E. (2d) 980. The opinion in the court of appeals holds:

"In order that one may be held guilty of wilful or wanton conduct, it must be shown that he was conscious of his conduct, and conscious, from his knowledge of existing conditions, that injury would likely or probably result from his conduct, and that with reckless indifference to consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the injurious result."

The opinion of the supreme court, 46 N. E. (2d) 983, holds:

"To constitute an act wanton, the party doing the act or failing to act must be conscious of his conduct, and, though having no intent to injure, must be conscious, from his knowledge of the surrounding circumstances and existing conditions, that his conduct will naturally and probably result in injury. An intentional disregard of a known duty necessary to the safety of the person or property of another, and an entire absence of care for the life, person or property of others, such as exhibits a conscious indifference to consequences, makes a case of constructive or legal wilfulness."

These decisions rule the case in appellant's favor, as there is nothing in the circumstances even to lend color to the contention that Neverman's conduct was wilful and wanton within the meaning of these terms as defined in those decisions. Neverman's conduct, at worst, was nothing more than ordinary negligence, if such it was. And if his conduct constituted such negligence, the plaintiff's conduct in taking his position doubtless constituted contributory negligence; which under the Illinois law is a complete defense, in cases grounded on ordinary negligence. The plaintiff deliberately chose to submit the case on the theory of wilful and wanton

conduct to evade a finding of contributory negligence. Having made his bed he must lie in it.

*By the Court.*—The judgment of the county court is reversed, with directions to set aside the verdict and judgment entered and enter judgment dismissing the complaint on the merits.