Stewart, Trustee, *v.* McGarvey (et al., Appellant).

Argued September 27, 1943. Before Maxey, C. J., Drew, Linn, Stern, Patterson and Stearne, JJ.

reargument refused January 3, 1944.

*Lee C. McCandless,* with him *James E. Marshall,* of *McCandless & Marshall,* and *Carmen Marinaro,* for appellant.

*J. Campbell Brandon,* with him *George P. Kiester,* for appellee.

Opinion by Mr. Justice Linn, November 22, 1943:
Nicholas Twentier appeals from (1) judgment on a verdict for Matilda Stewart, Trustee ad litem, in a suit

for the death of her husband; and (2) judgment on a verdict for Margaret Isabel Stewart in her suit for personal injury. They sued Deloss McGarvey who brought in Twentier as additional defendant. Only one assignment of error is presented for review:[1] the refusal to grant motions for judgment n.o.v.

Appellant had driven his car from Sewickley with his wife, her sister and their parents, Mr. and Mrs. Stewart, as guest passengers, to their home, on Route 258, in Butler County, arriving about 11.30 P.M. This highway, at the point in question, extends north and south and was surfaced with what a witness called "black-top macadam" to a width of twenty-four feet. The Stewart property abuts on the highway but the house is a short distance from the east side of it. Twentier stopped at a point opposite the house, his car facing south, lights on. The evidence of plaintiffs was to the effect that he parked off the paved surface; McGarvey testified the car was on the paved surface. Twentier and his guests alighted and all the Stewarts except the plaintiff, Margaret, went in the house. Mr. Stewart returned to the car with a lantern to furnish light while Twentier ascertained whether his car needed oil. While that was in process, Stewart holding the lantern, and Margaret Stewart standing beside them, McGarvey approached from the south. Instead of continuing northward on the highway (there was ample room for the purpose, as two other cars had passed) and keeping Twentier's car on his, McGarvey's right side, McGarvey ran off the highway and in attempting to pass Twentier's car on his left, struck the Stewarts and Twentier, killing Mr. Stewart and injuring Miss Stewart. His car came to rest on a bank in front of a pole off the highway. Twentier's car was very slightly damaged and was used immediately to obtain assistance. The verdict against McGarvey, who has not appealed, establishes his negligence and the Stewarts' freedom from contributory negligence.

---

[1] Another assignment was withdrawn at bar and has therefore not been considered.

If Twentier's car was parked off the paved surface, there is no evidence to support a verdict against him in any view of the record. The appellees contend the verdict establishes that the car was parked on the highway in violation of the Motor Vehicle Code.[2] If this were a suit by Twentier against McGarvey we should be required to discuss the contention; we lay it aside as unimportant in determining whether there is evidence of actionable breach of duty owing by Twentier to the Stewarts, which is the question raised by these appeals.

When Twentier's passengers alighted at their destination, the Stewart home, the relation of guest passenger terminated, together with such obligation[3] as the driving host would owe his passengers.

While rendering the described assistance to Twentier, the law presumes that Mr. Stewart and his daughter knew the surrounding conditions. There is no evidence to support a finding that the legal cause of the accident was Twentier's failure to perform any duty owing by him to the Stewarts.

In each case the judgment against Twentier is reversed and judgment is now entered for him.

---

[2] "Section 1019. Stopping on Highway.—(a) No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off the paved or improved or main traveled portion of such highway: Provided, In no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway, unless a clear and unobstructed width of not less than fifteen (15) feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of three hundred (300) feet in each direction upon such highway: . . ." Act of May 1, 1929, P. L. 905, article X, section 1019, amended by the Act of June 5, 1937, P. L. 1718, section 4, 75 PS section 611.

This accident did not occur in a business or residence district.

[3] See *Cody v. Venzie*, 263 Pa. 541, 545, et seq., 107 A. 383; *Ravis v. Shehulskie*, 339 Pa. 161, 162-163, 14 A.2d 70.