**ESHELMAN, Plaintiff-Appellee, v WILSON, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1973.    Decided April 26, 1948.

Hyers, Leyland & Patterson, Dayton, for plaintiff-appellee.

Landis, Ferguson, Bieser & Greer, Dayton, for defendant-appellant.

## OPINION

By HORNBECK, J:

The appeal is on questions of law from a judgment for the plaintiff entered on a verdict of a jury in her behalf. The action was for damages for personal injuries claimed to have been suffered by plaintiff when struck by the automobile of defendant.

The essential facts are that plaintiff and the defendant together with other women, were in attendance at a social gathering and the defendant had transported the plaintiff to and from the place of the meeting. Preparatory to beginning the return trip, the defendant took her place to the left, back of the wheel, another guest to her right and the plaintiff to the extreme right of the front seat. The defendant had some difficulty in finding her keys, whereupon the plaintiff alighted from the car and stepped away from it about two feet. The car had been left in reverse gear and without releasing the brake defendant stepped on the starter with the result that the car moved backward for a short distance and stopped. In its movement it struck and injured the plaintiff.

The petition of the plaintiff was predicated upon the negligence of the defendant in the operation of her car. The answer was a general denial and there was no suggestion in either of the pleadings of guest, or passenger, relationship of the plaintiff. At the conclusion of plaintiff's evidence, defendant moved for a directed verdict,

"For the reason that the plaintiff has failed to show any wilful or wanton misconduct on the part of the defendant, the evidence showing that she was being transported in defendant's automobile from the bridge game to her home at the time of the injury, and that the injury was due to the operation of the defendant's motor vehicle, and it was all within the course of this transportation from one point to another and covered by the Guest Statute of the State of Ohio."

The court overruled this motion and the cause was submitted to the jury upon the theory of plaintiff's petition. The one error assigned is the refusal of the trial judge to sustain the motion for a directed verdict.

The single question raised on this appeal is whether or not at the time of plaintiff's injury she was a guest of the defendant. The answer to this question depends upon the construction of the Ohio Guest Statute, §6308-6 GC.

"The owner, * * *, responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to * * * a guest, while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries * * * are caused by the wilful or wanton misconduct of such operator, * * * of said motor vehicle."

The trial judge held, and it is contended here by the appellee, that inasmuch as the plaintiff, at the time that she was injured, was not in or upon the motor vehicle of the defendant she was not a guest of the defendant. It is the claim of the defendant-appellant that the section of the code should not be limited to the requirement that the person transported be in or upon the motor vehicle in which she was riding but that inasmuch as the parties had begun their return trip when they took seats in the automobile, and the stepping aside of the plaintiff was only a temporary interruption of the trip, it must be said as a matter of law that the plaintiff was being transported as a guest at the time that she was struck. The claim of the defendant is that the plaintiff, admittedly a guest of the defendant to and from the place of meeting, continued as her guest even as a passenger in a public carrier will be held to be such passenger while in a zone near to the public conveyance preparatory to entering it.

As there is no material factual dispute in the record the judgment rests entirely upon the proper construction of the guest statute. It is our opinion that the trial judge was correct in his determination of its meaning and its limitation. To hold as the defendant contends would requite the elimination from the statute of the words "in or upon said motor vehicle." It is a rule of construction that every word in a statute shall be given meaning, if possible. The plaintiff was neither in or upon the motor vehicle of the defendant at the time that she was struck and was not within the meaning of the controlling statute a guest of the defendant.

Counsel have been helpful in the colation of authorities which have any relation to our question. Admittedly, there is none in point in Ohio.

Massachussetts, which has no statutory guest law but which has evolved a like principle from the common law, supports the claim of the defendant that one may be a guest of the operator of an automobile while in the venture of the transportation although not in or upon the motor vehicle. Thus, in Bragdon v Dinsmore, (Mass.) 45 N. E. (2d) 833, "where defendant motorist had arranged gratuitously to transport

plaintiff and his wife to a hall * * * and thereafter defendant was to drive plaintiff and his wife home, and as defendant was parking his automobile at the hall, defendant caused the automobile to strike plaintiff who had alighted to direct defendant," it was held that plaintiff's relationship as defendant's guest had not ceased at the time of the accident. And in Ruel v Langelier, (Mass.) 12 N. E. (2d) 735, it was said that,

"The degree of automobile owner's duty to guest does not depend on latter's fixed position or whether she was in or outside of automobile when injured, but on whether owner's act, claimed to be negligent, was performed in course of carrying out gratuitous undertaking assumed."

The defendant was taking four women to their homes. He attempted to start his automobile in the snow and finding that he could not do so, requested that someone get out and push. The plaintiff did so and was injured. A significant statement is made in the opinion in this case at page 736, made the subject of the 4th syllabus.

"Our attention is also called to the definition of 'guest occupant' inserted in G. L. (Ter. Ed.) c. 90, Pars. 34 A, by St. 1935, c. 459, pars. 1, whereby the meaning of those words in the compulsory insurance law is limited to persons 'being in or upon, entering or leaving' the vehicle. But that statute merely affects the scope of compulsory insurance coverage and does not purport to change established principles of liability for negligence."

It would seem, a fortiori, that if Massachussetts had a statute such as Ohio, limiting a guest in negligence cases to one who is being transported without payment therefor in or upon said motor vehicle, that it would have reached a different judgment. Another Massachussetts case grounded upon the same principle as the two cases just cited but which might be determined in the same way in Ohio is Adams v Baker, (Mass.) 59 N. E. (2d) 701. The plaintiff, riding as a gratuitous guest, was alighting from the automobile when injured. She had one foot on the running-board of the car and the other in a hole of concrete. The writer of the opinion said,

"Upon the evidence, the jury would have been obliged to find that the plaintiff was partly in or upon the defendant's vehicle at the time of the accident, * * *."

Other cited Massachussetts cases are: Massaletti v Fitzroy, 228 Mass. 487, 118 N. E., 168, and Comeau v Comeau, 285 Mass. 578, 189 N. E. 588, none of which is helpful on the narrow question presented here.

Appellant also cites two Michigan cases, Brown v Arnold, 6 N. W. 2d 914, and Hunter v Baldwin, 255 N. W. 431. The Michigan Guest Statute reads, "Being transported by the owner or operator of a motor vehicle as a guest", and does not carry the limiting words found in the Ohio Statute. In Brown v Arnold, supra, the plaintiff who had been a guest of the defendant reached her home which was the end of the trip. She had alighted and taken at least one step away from the vehicle when defendant started it suddenly, causing the rear wheels to skid toward the curb and to strike the plaintiff. The court held that the transportation had ceased and that the plaintiff was not a guest at the time of her injury. Appellant urges that this case is authority by implication for her contention. We do not so read the case, but if it be granted, it would be so determined upon a statute which is materially different from the one controlling the instant cause. The Court further referred to decisions relied upon by the defendant which hold that the act of transportation continues while the passenger is alighting and held that such cases had no bearing upon the guest relationship.

In the case of **Cincinnati Traction Company v Holzenkamp, 74 Oh St 379**, it is said that the basis of the relation of the carrier and passenger is primarily contractual, and in **Pullman Company v Roos, 9 Oh Ap 309**, that "the contract of coverage, insofar as it is expressed in a ticket, or otherwise, is implied from the nature of the employment of the carrier." The extension of the relationship of passenger to a zone beyond the common carrier itself has been created largely because of the payment of the passenger for his transportation. The other Michigan case cited by appellant is Hunter v Baldwin, supra, where the plaintiff had gone to town with the defendant as his guest, the car was parked and after being separated for two or three hours, the parties returned to the automobile and at defendant's request, plaintiff attempted to crank it and to get it started and so doing was injured. The court held that the plaintiff was not a guest of the defendant at the time of the injury, and, among other things, stressed the fact that because of the extended separation of the parties and under the circumstances the relation of guest and host had not been resumed. The majority opinion is not especially helpful because it does not discuss the question here presented, but in a dissent by one of the Justices the matter is met squarely in this language:

"Plaintiff was a guest on the trip to town, was present as such for the return trip, and remained a guest in the operation of the car toward making the return trip, whether in or out of the car."

This dissent brings into bold relief the distinction in the language of the Ohio and the Michigan Guest Statutes.

Puckett v Pailthorpe, 207 Iowa, 613. This was a case where plaintiff was invited to ride home from a picnic as a guest of the defendant. Before defendant had finished lunch and reached his car, plaintiff went to the automobile, intending to sit in it and wait until the defendant was ready to go home. Upon reaching the car, plaintiff took hold of the door handle and it came off injuring her. The basis of the court's opinion was that the plaintiff had not yet become a passenger because she was merely entering the car for the purpose of sitting in it and waiting until the defendant arrived. The opinion is of little assistance upon the decisive question here.

Appellee cites and comments on the following cases which support her claim directly or inferentially.

**Dorn, Admr. v Village of North Olmsted, 11 O O, 31** 4th Syl.; **Miller v Fairley, 25 O O, 459,** 4th Syl.; Puckett v Pailthorpe, supra; Brown v Arnold, supra; Hunter v Baldwin, supra; Rohr v Employers Liability Assurance Corp., 9 N. W. (2d) 627, (Wis.); Prager v Israel, (Cal.) 98 Pac. (2d) 729; Harrison v Gamatero, (Cal.) 125 Pac. (2d) 904; Frankenstein v House, (Cal.) 107 Pac. (2d) 624; Smith v Pope, (Cal.) 127 Pac. (2d) 292.

We have examined the guest statutes in the states where found. The language of the Ohio guest law is followed in Alabama.

In Colorado, Connecticut, Delaware, Idaho, Indiana, Kansas, Kentucky, Michigan, Oregon and New Mexico, it is

"No person transported by the owner or operator of a motor vehicle as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss in case of accident, unless * * *."

South Carolina employs the same language as above but includes the Airplane. Texas also carries the language as above but their statutes are restricted to transportation over the public highways.

The California Guest Law:

"No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of such vehicle on account of personal injury to or the death of such guest during such ride, unless * * *."

Id. Nevada, North Dakota.
Illinois Guest Law:

"No person riding in a motor vehicle as a guest without payment for such ride, * * * shall; have a cause of action for damages, * * *."

Montana Guest Law:

"The owner or operator of a motor vehicle shall not be liable for damages or injuries to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire, etc."

Id. Nebraska.
Utah Guest Law:

"Any person who as a guest accepts a ride in any vehicle moving upon the public highways of the State of Utah, and while so riding as such guest receives or sustains an injury, etc."

Vermont Guest Law:

"The owner or operator of a motor vehicle shall not be liable in damages for injuries received by any occupant of the same occasioned by reason of the operation of said vehicle unless * * *"

Arkansas Guest Law:

"No person transported or proposed to be transported by the owner or operator of a motor vehicle as a guest without

payment for such transportation. * * * shall have a cause of action for damages against such owner or operator * * * for personal injuries including death resulting therefrom by person while in, entering or leaving such vehicle, unless * * *."

The judgment will be affirmed.

WISEMAN, PJ, and MILLER, J, concur.