MAX SHERMAN *vs.* NEW YORK CASUALTY COMPANY.

JULY 20, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is an action of assumpsit which was tried before a justice of the superior court without a jury and resulted in a decision for the defendant. Plaintiff excepted to such decision and has brought the case here by his bill of exceptions containing only that exception.

The action is based on an agreement in an accident insurance policy wherein the defendant promised "To pay to or for each person who sustains bodily injury, caused by accident and arising out of the use of the automobile classified as 'pleasure and business,' while in or upon, entering or alighting from the automobile while the automobile is used by or with the permission of the named insured, the reasonable expense of necessary medical, surgical, ambulance, hospital and professional nursing services and, in the event of death resulting from such injury, the reasonable funeral expense, all incurred within one year from the date of accident."

On June 27, 1947 while the policy was in force plaintiff

was injured in the following manner. On that day he drove his car to a place of business and parked it in a shed-like open-sided structure in a nearby parking lot. Opposite the open side of such structure was a stone wall about two or three feet high and possibly 25 feet or more away from the shed. The car was so parked that the left front door could not be opened because of its nearness to a pole which supported the roof of the shed. Because of that obstruction plaintiff, in order to get out, slid across the front seat and left the car by the right front door. In doing so he thinks he may have inadvertently released the parking brake. After he had gotten out and had walked to the end of the car he noticed it was rolling backward toward the stone wall. He placed his hands upon the car in an effort to stop it but he was forced backward. However, he held on to the car by the taillight with his right hand and by the registration plate with his left hand and then he put his knee on the bumper as the car continued to roll back toward the wall. When it finally crashed into the wall he was in such a hazardous position that both of his legs were broken by the impact. If liability is established there is no question that the damages for plaintiff's injuries exceeded the limit of the policy.

The trial justice found that the accident had occurred while the car was "being used" by plaintiff but not while he was "upon" it or "alighting" therefrom. In the course of his decision he construed the words of the policy, "while in or upon" the car as not limited to "within" it, but as extended to include standing upon a bumper or a fender. Apparently his construction did not comprehend a situation where the insured was partly on the car and partly on the ground because he found that since plaintiff was not actually on the bumper he did not come within the coverage of the policy.

Plaintiff contends that such decision is against the law and the evidence and the weight thereof. In arguing that contention he makes two points: first, that the trial

justice misinterpreted the evidence of plaintiff's position on the car at the time of the accident; and second, that as a matter of law he construed the words of the policy "while in or upon" the car too narrowly. In support of the first point he emphasizes that the evidence is uncontradicted and shows that he was kneeling on the bumper when the car rolled against the wall. On the second point he claims that the authorities favor a more liberal construction of the policy than that given by the trial justice.

In considering plaintiff's argument on the first point we have carefully read the transcript and we do not find that the evidence is entirely clear as to whether plaintiff was actually kneeling on the bumper or merely had his knee or knees against it at the time of the accident. The obscurity arises from a seeming inconsistency and indefiniteness in the plaintiff's own testimony. He was the only witness to the accident. From his direct and cross-examination we think it is fair to say that it does not appear that he was in fact kneeling on the bumper. On his redirect examination he is more explicit and does say at one point that his feet were on the bumper before the car crashed into the wall. But the whole of his testimony leaves it open to doubt whether he was actually kneeling on the bumper, or whether he merely had his knee or knees against it in an effort to hold back the car from hitting the wall. The best that can be said in plaintiff's behalf is that his testimony is open to two reasonable and different interpretations.

The trial justice's interpretation was to the effect that the plaintiff's testimony was not clear "whether in trying to stop the car, he was on the car or not. Judging by his injuries and the appearance of the place, and placing the most favorable construction upon what he said, it is the firm conviction of this Court that he was not on that bumper; that he was still trying to stop the car and that the car pushed him against that stone wall and injured him." In our opinion that is a reasonable conclusion from

the evidence, and therefore we cannot say that the trial justice's finding that plaintiff was not on the bumper was clearly wrong.

This brings us to the plaintiff's second point which concerns the reasonable construction of the language of the policy which is in issue here. The trial justice construed it to mean that plaintiff was not required to have been within the car when he was injured but apparently held that he must have been actually and wholly on the car in the sense of being entirely off the ground. We do not agree with this construction.

The particular words "in or upon" should be given a broad and liberal construction consistent with the context of the whole clause in which they appear. The key words in that clause are "arising out of the use of the automobile" and "while the automobile is used * * *." If the expression "in or upon" is read in connection with those words we think it will reasonably appear that it was intended to make the policy applicable to injuries sustained by reason of the immediate and substantial contact of a part of plaintiff's body with the car in the course of actively promoting or serving such use. In that sense the plaintiff here was "upon" the car when he placed his hands and knees upon it for the purpose of trying to stop it from rolling into the wall.

Another reasonable construction admittedly can be given to the expression "in or upon" but it is unfavorable to the insured. Since the language employed by the insurer to express its intention admits of two reasonable constructions it is to that extent ambiguous. In such a situation the rule is that the construction which favors the insured will be adopted. *Bennett Chevrolet Co.* v. *Bankers & Shippers Ins. Co. of New York,* 58 R. I. 16.

There is support for the view which we take of the language in question here in at least two cases where a similar provision in an insurance policy was construed. *Madden* v. *Farm Bureau Mutual Automobile Ins. Co.,* 82

Ohio App. 111; *Lokos* v. *New Amsterdam Casualty Co.*, 93 N.Y.S.2d 825. In the *Madden* case the plaintiff was injured while placing a tire in the rear compartment of his car. His arms and body were partly in the compartment as he leaned over to place the tire therein. The court observed that at that time plaintiff there was "touching or almost touching" the car when he was struck and injured by another car which approached from the rear. The court held that while the plaintiff was neither completely in nor out of the car he was nevertheless covered by the policy since it did not specify any particular part of the car in which he was required to be in order to recover under the policy.

In the *Lokos* case the New York court had before it in an accident policy substantially the same provision as in the case at bar. And as here the question was what constituted being "upon" the car within the meaning of the policy. Plaintiff there was injured while tying up the front bumper of his car. It had fallen down while he was driving and as he leaned over with the bumper in his hand he was struck by another car. In holding that he was entitled to recover under the policy the court said that in determining what was meant by the word "upon" it was necessary to tie it in with the "use" of the car. A broad meaning rather than a narrow one, the court said, was to be given to the word "upon" where it was included in certain acts of the plaintiff in contact with the car, although it cautioned that mere contact with the car alone would not be sufficient. The contact must be connected with some "use" of the car. Viewed in this light the court held plaintiff was "upon" the car, within the meaning of that word in the policy, when he was injured. While that decision is not by an appellate court we think it is of value in the dearth of precedents on the precise question presented here because of the reasoning in the opinion which led the court to such decision. We think that the

facts in the case at bar present a stronger basis upon which to rest such reasoning.

However, defendant cites the following cases as authority in opposition to the above cases: *Eshelman* v. *Wilson*, 83 Ohio App. 395; *Ross* v. *Protective Indemnity Co.*, 135 Conn. 150; *New Amsterdam Casualty Co.* v. *Fromer,* U.S. App. D.C., 75 A.2d 645; *Turner* v. *Fidelity & Casualty Co. of New York*, 274 Mo. 260. An examination of those cases discloses that in each of the first three there was a different factual situation from that appearing in the case at bar and the cases cited above by plaintiff. In the *Eshelman* case the meaning of the words "in or upon said motor vehicle" as used in a statute was involved. Plaintiff there had been riding as a guest in the vehicle in question but had gotten out and was standing two feet away from it when the vehicle was accidentally backed into him by the driver. The court held that the statute exempting the driver from liability for injury to a guest while in or upon the vehicle did not apply as the plaintiff was not upon the vehicle when he was struck.

The *Ross* case involved an insurance policy with a similar provision to the one in the case at bar. There the plaintiffs had left the car and were standing in the highway at the rear of the car, and not in contact with it, talking with each other. While in that position they were struck by another car several minutes later. The court quite properly rejected the claim that they were "in or upon" or "alighting from" the car.

In *New Amsterdam Casualty Co.* v. *Fromer, supra,* the words of the policy were the same. However, when the plaintiff was injured he was not in or upon the car nor even in contact with it. He had stopped his car and had gotten out and walked back along the highway to inquire of the driver of another car whether he, the plaintiff, had hit his car as he passed him. After learning that he had not, plaintiff walked back along the highway to his car and when he was still about six feet away from it he was struck

by another car and thrown against his own car. In deciding against the plaintiff the court expressly limited its decision to the facts before it.

The *Turner* case did not involve the same type of policy as the one here in question but did provide for double indemnity in case death resulted from injuries sustained while insured was *"in or on* a private conveyance." Plaintiff died from injuries sustained while he was outside of his car and while he was cranking it. The court apparently construed those words literally and held that he was not "in or on" the car within the plain meaning of the policy. It seems that such case presented a somewhat different problem although otherwise the facts of the accident there bear a resemblance to those we are considering here. However, in our opinion, such case is not persuasive because the decision therein does not appear to us to be founded upon reasoning as cogent as that on which the decisions were made in the *Madden* and *Lokos* cases.

On the whole we are satisfied that those cases represent an approach to the solution of the problem before us that is more realistic as well as more consonant with the rule of construction which we stated above should be applied to the instant policy in favor of the insured. We think the trial justice construed the policy too narrowly in favor of the insurer and thus failed to follow such rule. Hence we are of the opinion that he erred and that his decision should be reversed.

The plaintiff's exception is sustained, and the trial justice's decision is reversed. On October 1, 1951 the defendant may appear before this court and show cause if any it has why the case should not be remitted to the superior court with direction to enter judgment for the plaintiff in the sum of $500, plus costs.

*Walter H. Sharkey,* for plaintiff.

*Hinckley, Allen, Salisbury & Parsons, Matthew W. Goring, Thomas J. Hogan,* for defendant.