ALBERT FRANZEN and MAYNARD THEIN, administrators of estate of H. M. PARSON, appellees, v. WILLIAM E. PERLEE, appellant.

No. 48002.

(Reported in 51 N.W.2d 478)

FEBRUARY 5, 1952.

Zastrow, Noah & Smith, of Charles City, for appellant.

Geiser, Donohue & Wilkins, of New Hampton, for appellees.

WENNERSTRUM, J.—The administrators of the estate of H. M. Parson, deceased, seek recovery for damages to his estate because of his death as the result of an accident in which defend-

ant was involved on October 26, 1950, on highway 63 south of New Hampton, Iowa. Immediately prior to the accident H. M. Parson, the decedent, had been walking south on the east side of the paved highway. The defendant was driving an automobile in a southerly direction and it is claimed that he struck the decedent as the defendant was passing a truck also traveling south. The court submitted the case to the jury which returned a verdict in the sum of $7500 in favor of the plaintiffs. The trial court overruled a motion for new trial conditioned upon the filing of a remittitur of $2500 by the plaintiffs. This remittitur was subsequently filed by the plaintiffs. The defendant has appealed from the overruling of his motion for new trial and the later motion for judgment notwithstanding the verdict on the grounds which we will hereinafter mention.

The decedent at the time of his death was 70 years of age and according to the stipulation made during the trial had a life expectancy of 8.99 years. He was the owner of a farm located approximately eight miles south of New Hampton. Prior to his death he had resided with his daughter and son-in-law, Mr. and Mrs. Albert Franzen. Roy Parson, approximately 30 years of age and a son of H. M. Parson, also resided with the Franzens. This son is shown to have an impediment in his speech. He has never been able to be gainfully employed, for reasons not stated in the record, and has been supported by his father.

Following the evening meal on the day of the accident and about 6:30 p.m., H. M. Parson and Roy left the Franzen home for the purpose of visiting a neighbor. After they reached the paved highway which passed the Franzen home, the father walked south on the east side of the highway and the young man walked in the same direction on the west side of it. Roy had a bicycle with him which he was not riding. The accident resulting in the death of appellees' decedent occurred as the appellant was passing a large tractor and semitrailer. Section 321.1, subsections 6 and 10, 1950 Code. It is the claim of the appellant that he first observed the decedent when he, the appellant, was twenty to twenty-five feet away. He testified that about a third of a second of time elapsed from the time of his first observation until his automobile struck the decedent. The appellant also states that he thought appellees' decedent was on the paved

portion of the highway about two feet from the east edge of it at the time of the accident. Appellant also testified that at and before the time of the accident the lights of his car were on dim, but they showed a distance ahead of about three hundred feet. Roy Parson, the son, testified that he saw his father on the east shoulder of the highway until the semitrailer came along, that his view was thereafter obstructed and he did not observe his father's later movements. He testified that following the accident his father was found in the ditch, that he found one of his shoes lying in the grass and that he observed a rip in the right leg of his overalls. He also testified that he heard glass fall as a car went by and that he found his father's hat on the east side of the paving.

It is further disclosed by the testimony of the appellant that he was driving a 1949 Chrysler Coupe and at or about the time of the accident the speed of his automobile was approximately fifty miles per hour; that he had accelerated his speed to a certain degree in order to pass the truck and that as he was passing it the decedent, Parson, walked out onto the pavement at a right angle; that Mr. Parson was approximately two feet from the east edge of the pavement at the time of the accident. The appellant further testified that he was at no time off the paved portion of the highway.

A deputy sheriff of Chickasaw County, Felton W. Cleveland, testified that he was at the scene of the accident and that he remembered Roy making a statement, " 'I called my father to come on to the side where he belonged.' " He also testified that he observed pieces of glass on the pavement and that he found it about three feet in from the east shoulder and scattered around a little. He also testified that later that evening at the sheriff's office Roy Parson again told him that he had called to his father to come over to his, Roy's, side of the road.

The appellant as grounds for reversal maintains: (1) the trial court erred in overruling appellant's motion for directed verdict and in also overruling his motion for judgment notwithstanding the verdict for the reason that the undisputed evidence shows the appellees' decedent was guilty of contributory negligence, and (2) the trial court erred in overruling his motion for directed verdict and in overruling his motion for judgment not-

withstanding the verdict for the reason that the appellees failed to prove that the appellant was negligent in any manner and also failed to prove that the negligence, if any, on the part of the appellant was the proximate cause of the injury. It would thus appear that the sole question to be considered on this appeal is whether or not the trial court committed error in submitting the case to the jury and in not directing a verdict in favor of the appellant.

I. It is urged by the appellant that although he might not qualify as an eyewitness, nevertheless because of his brief observations of the conduct of the decedent, the fact that glass from the broken headlight was found three feet in on the pavement and the further fact that decedent's hat was found on the pavement all combine to overcome any inference of due care which might be supplied by the no-eyewitness rule. It is asserted that because of this chain of circumstances the evidence tends to prove that the decedent was guilty of contributory negligence as a matter of law.

We have repeatedly held that the question of contributory negligence is ordinarily for the consideration of the jury. And so in this case, unless the facts are so conclusive that reasonable minds would not differ in concluding that deceased actually contributed by his actions in bringing about his death, that fact question should be decided by the jury. Hittle v. Jones, 217 Iowa 598, 609, 250 N.W. 689.

II. The matter which we must determine is whether or not under all the facts shown, they being considered along with the inference of self-preservation, the case should have been submitted to the jury.

In a discussion of the presumption heretofore referred to and circumstances which might be considered in connection with that question we stated in Korab v. Chicago, R. I. & P. Ry. Co., 149 Iowa 711, 718, 128 N.W. 529, 531, 41 L. R. A., N. S., 32:

"The presumption is something more than a mere shadowy generality. In the absence of direct evidence, the presumption supplies its place, and if the issue of contributory negligence is the only obstacle to recovery it is sufficient to support a verdict for the plaintiff. True, this presumption may be overcome by

a showing of other circumstances from which the jury may fairly conclude that deceased was not in fact exercising due care; but in the nature of things this counter showing can rarely be so overwhelming and conclusive as to make the question whether the presumption has been fairly overcome a matter of law."

Somewhat to the same effect is the statement in Christopherson v. Chicago, M. & St. P. R. Co., 135 Iowa 409, 413, 414, 109 N.W. 1077, 1078, 124 Am. St. Rep. 284:

"The more difficult question is to determine whether the evidence of the freedom of deceased from contributory negligence was sufficient to take the case to the jury. As there were no eyewitnesses of the actual collision with deceased, the presumption arising from the instinct of self-preservation would be sufficient to sustain the burden of proof in the first instance, that deceased was not at fault for the accident. *Phinney v. Illinois Central R. Co.*, 122 Iowa 488, 492; *Morbey v. Chicago & N. W. R. Co.*, 116 Iowa 84, 88; *Bell v. Incorporated Town of Clarion*, 113 Iowa 126. It is true that such presumption cannot prevail against evidence which shows that the injured party could not have exercised due care. *Crawford v. Chicago G. W. R. Co.*, 109 Iowa 433. But unless the evidence conclusively shows contributory negligence, the presumption from the instinct of self-preservation should be taken into account; and the jurors, had the case been submitted to them, would have been justified in assuming that deceased was not doing a negligent act when he was injured, if the injury could be accounted for without contributory negligence on his part."

Likewise it is stated in Anderson v. Chicago, R. I. & P. R. Co., 189 Iowa 739, 745, 175 N.W. 583, 585:

"Ordinarily, a presumption furnishes a resting place to the party otherwise having the burden of proof, and shifts upon the other party the burden of overcoming such presumption. We have held that the so-called presumption which obtains in the absence of eyewitnesses, that a decedent exercised due care, is a mere inference of fact, which is wholly for the consideration of the jury as an item of evidence; that the weight thereof is to be determined wholly by the jury, in the light of all the evidence."

It is our conclusion that under all the circumstances the trial court was justified in submitting this case to the jury, and in reaching this conclusion we feel that the jury would have been justified in concluding that the decedent, who, immediately prior to the accident, was walking on the east side of the highway, had no reason to believe that an automobile would swing out from behind the truck which was passing.

Upon the question of the appellant's negligence the jury would have been warranted in concluding that the appellant might have, and apparently did, swing out onto the east side of the highway without ascertaining what the situation was just ahead of him and that under the conflicting evidence pertaining to the location of the decedent they could have found that he did not walk into the path of the appellant's car. It is true that the appellant testifies to contrary facts but in this respect there is a conflict in the evidence concerning the location of the decedent immediately before and at the time of the accident. Appellant particularly cites as authority for his contentions the cases of Saindon v. Lucero, 10 Cir., N. M., 187 F.2d 345, and Schillinger v. Wyman, 331 Mich. 160, 49 N.W.2d 119. It would be of no particular benefit to analyze the facts disclosed in these two cases. We have considered them carefully and do not find the factual situation applicable to the pending case.

We feel that under all the circumstances the trial court was justified in submitting the case to the jury, and there was no error in so doing, and in overruling the motion for directed verdict and the later motion for judgment notwithstanding the verdict. We therefore conclude that there was no error committed and that the case should be affirmed.—Affirmed.

All JUSTICES concur except SMITH, J., not sitting.