ANNA MAY SHINOFIELD, administratrix of estate of TERESA K. REDMAN, deceased, appellant, v. JESS CURTIS, appellee.

No. 48565.

(Reported in 66 N.W.2d 465)

OCTOBER 19, 1954.

Mason & Stone, of Mason City, for appellant.

Swift & Swift, of Manchester, for appellee.

GARFIELD, C.J.—This is a law action in two counts by an administratrix to recover for a woman's death from injuries sustained shortly after she alighted from defendant's truck. The first count seeks recovery on the theory of res ipsa loquitur, the second alleges specific acts of negligence. At the close of the evidence there was a directed verdict for defendant on the ground the evidence was insufficient for recovery on either count. From judgment thereon plaintiff has appealed.

On the night of April 4, 1952, decedent, a widow, age 58, rode as a gratuitous guest in defendant's truck from Lamont to a hotel in Manchester where she resided. About one a. m. she alighted from the truck when defendant stopped it facing west at the southwest corner of the hotel. The truck then turned the corner to the north in front of the hotel and stopped for a stop sign. It moved about 24 feet after decedent alighted. Defendant then looked back, did not see decedent on the sidewalk adjoining the hotel and got out of the truck to see what had happened to her. He found her lying seriously injured at the edge of the pavement, her head against the curb, her feet near the west edge of four steps leading from the paved street to the sidewalk. The lowest step consists of the curb at the side of the pavement. The body was seven or eight feet behind the right rear of the truck.

Decedent died within a matter of minutes. An autopsy was performed twelve hours later. The coroner expressed the

1356

opinion death was caused by shock and hemorrhage from crushing injuries to the chest and abdomen from dual wheels of a vehicle. Other testimony corroborates this. There were marks across decedent's face about an inch wide and a quarter inch apart which compared with the tread on the tires of the dual rear wheels of defendant's truck. Similar marks were on her chest. No other vehicle was near the scene of the tragedy at the time. We will later refer to other testimony.

I. The first matter argued is defendant's contention that at the time of her injury decedent was a gratuitous guest of defendant within the meaning of section 321.494, Codes, 1950, 1954. Defendant says he is therefore not liable because he was not under the influence of liquor or guilty of reckless operation of his truck. Under section 321.494 there is no liability for mere negligence to a gratuitous guest "riding in said motor vehicle."

We are agreed the relation of guest and host between decedent and defendant ended before decedent was injured and section 321.494 affords no defense. It is without dispute that defendant took decedent to her destination, she alighted safely from the truck, said "Goodnight" and closed the door of the truck. Defendant testifies he then "paused a moment, I suppose maybe a few seconds", and started up. By no stretch of imagination can it be said decedent was riding in the truck when she was injured.

Our conclusion finds support from Puckett v. Pailthorpe, 207 Iowa 613, 617, 223 N.W. 254, 256 ("Then, if such 'guest or person' is not 'riding,' the statute * * * has no application."); Samuelson v. Sherrill, 225 Iowa 421, 426, 280 N.W. 596; Smith v. Pope, 53 Cal. App.2d 43, 127 P.2d 292; Brown v. Arnold, 303 Mich. 616, 6 N.W.2d 914; Eshelman v. Wilson, 83 Ohio App. 395, 80 N.E.2d 803; Stewart v. McGarvey, 348 Pa. 221, 223, 34 A.2d 901, 902 ("When Twentier's passengers alighted at their destination * * * the relation of guest passenger terminated * * *."); 60 C. J. S., Motor Vehicles, section 399(5)d.

II. We think there is sufficient evidence decedent was fatally injured by defendant's negligence so plaintiff's Count II should have been submitted to the jury. Of course the testimony must be considered in the light most favorable to plaintiff.

Her case rests largely on circumstantial evidence. We are committed to the rule that in such a case the evidence must be such as to make plaintiff's theory of causation reasonably probable, not merely possible, and more probable than any other theory based on such evidence. It is not necessary that the testimony be so clear as to exclude every other possible theory. Smith v. Darling & Co., 244 Iowa 133, 136, 56 N.W.2d 47, 49, and citations; Dougherty v. Sioux City, 246 Iowa ........, 66 N.W.2d 275, 286, 287, and citations.

There is clearly sufficient evidence the right rear dual wheels of defendant's truck ran over decedent's head and chest and crushed her. The jury could correctly find defendant was negligent in failing to keep a proper lookout for decedent and in moving his truck around the corner after decedent alighted therefrom without waiting for her to reach the sidewalk or other safe place. Defendant admits he made no attempt to look for decedent after she closed the door to the cab of his truck until he looked back after he stopped for the stop sign. It was then too late. Defendant also testifies, as we have indicated, he paused only a moment, "maybe a few seconds" after decedent alighted, before starting the truck.

Some further facts should be mentioned here. The sidewalk adjoining the corner of the hotel is about two and one-half feet above the paved street. Except for the steps before mentioned only a perpendicular concrete surface at the edge of the sidewalk separates it from the pavement. Defendant was familiar with existing conditions. He intended to make a right turn at the corner. His truck was 23 or 24 feet long. The finding is warranted he knew or should have known that when he turned the corner the space where decedent alighted between the truck and the elevated sidewalk would get smaller.

Defendant knew decedent was very heavy (she weighed 210 pounds) and not agile on her feet. The bottom step leading to the sidewalk is 10 inches above the paved street. It was difficult for decedent to alight from the truck. The floor of the cab (over the engine) was about 35 inches above the street. It was necessary for decedent first to step on the battery box and then onto the running board 18 inches above the pavement. She remarked to defendant that his truck was different from any she

had ridden in before. Decedent may reasonably have paused at least a few seconds after alighting from the cab before ascending the steps to the sidewalk. The box or bed of the truck protruded out from the cab not less than 12 to 14 inches on each side.

It was defendant's duty to exercise ordinary care not only to keep a lookout but to afford decedent a reasonable opportunity to reach a safe place before starting his truck. Reasonable minds could find there was a breach of this duty. No Iowa decision directly in point on the facts has come to our attention. On principle, however, the case on its facts resembles Devore v. Schaffer, 245 Iowa 1017, 1024, 65 N.W.2d 553, 557; Cable v. Fullerton Lbr. Co., 242 Iowa 1076, 49 N.W.2d 530; Kaffenberger v. Holle, 237 Iowa 542, 547, 22 N.W.2d 804, 808 ("The exercise of reasonable care under the circumstances required defendant to refrain from conduct reasonably likely to cause injury to others.").

Devore v. Schaffer, supra, at pages 1024 and 1025, says of a truck operator's duty to keep a lookout before turning his truck: "* * * it could only mean care to discover whether plaintiff was in a place of safety from possible injury by the contemplated movement of the truck and trailer. * * * He must have known plaintiff would be in a place of danger when the vehicle made the turn."

These decisions also support our conclusion: Dungan v. Brandenberg, 72 Ariz. 47, 230 P.2d 518; Brown v. Arnold, supra, 303 Mich. 616, 6 N.W.2d 914; Anderson v. Ambroise, 174 Minn. 481, 219 N.W. 769; Williams v. Williams, 210 Wis. 304, 307, 246 N.W. 322, 323.

This from Williams v. Williams, supra, is applicable here: "* * * a driver is negligent if in stopping his car for a guest to alight he does not give the guest reasonable opportunity to get clear of the car before starting it if under the circumstances starting it is likely to cause injury to the guest. Upon like reason is a host negligent if by reason of his manner of starting his car he is likely to cause injury to a guest who has just alighted and has not been given reasonable opportunity to get into a position of safety."

4 Blashfield Cyc. Automobile Law and Practice, Perm. Ed., section 2341, page 480, contains about the same statement as the second sentence quoted above from Williams v. Williams.

III. We cannot accept defendant's argument in support of the directed verdict that a heart attack caused her death. There is testimony that at least four months or more before she died decedent suffered a heart attack. She said during the evening before her death her heart was not as good as it used to be and she had to be a little careful. The coroner testifies "there was no evidence of a recent attack in the past month. * * * It would be possible she died from a heart attack although that would be, I guess, unusual."

It is no more than a possibility that the cause of decedent's death was a heart attack. As we indicate in Division II hereof, for plaintiff to recover it is not necessary the evidence be so clear as to exclude every suggested or possible cause of death other than defendant's claimed negligence. Stickleman v. Synhorst, 243 Iowa 872, 877, 52 N.W.2d 504, 507, and citations; 61 C.J.S., Motor Vehicles, section 519. If a plaintiff were required to negative every possibility that would relieve a defendant from liability it would be practically impossible to make a case of negligence against a motor vehicle operator. Cable v. Fullerton Lbr. Co., supra, 242 Iowa 1076, 1082, 1083, 49 N.W.2d 530, 533, 534, and citations.

We cannot say as a matter of law the theory of defendant's negligence is not more probable than that of a heart attack as the cause of decedent's injury. We cannot say as a matter of law the theory of a heart attack is equally or more probable than that of defendant's negligence. See Cable v. Fullerton Lbr. Co., supra.

IV. Defendant argues plaintiff's intestate was contributorily negligent as a matter of law. We are clear the issue of freedom from contributory negligence was for the jury. Since there was no eyewitness and no obtainable direct evidence as to what decedent did by way of precaution at and immediately before her injury, there is an inference she was in the exercise of ordinary care for her own safety. See Ruble v. Carr, 244 Iowa 990, 995–997, 59 N.W.2d 228, 232, and citations.

It is true we have held the inference of due care result-

ing from the no-eyewitness rule may' sometimes be negatived by the facts and circumstances shown in evidence. Ruble v. Carr, supra, and citations. Defendant's argument that this is such a case cannot be accepted. Decedent was not necessarily contributorily negligent in failing to reach the sidewalk or a safe place on the pavement before the truck started up. The jury could properly find she was in a dangerous place only because defendant's negligence made it so.

While decedent was required to exercise ordinary care for her own safety she was not compelled to anticipate negligence on defendant's part. She could rightfully assume defendant would exercise reasonable care toward her. . Cable v. Fullerton Lbr. Co., supra, 242 Iowa 1076, 1083, 49 N.W.2d 530, 534; Kaffenberger v. Holle, supra, 237 Iowa 542, 549, 22 N.W.2d 804, 808, and citation. See also on the issue of freedom from contributory negligence Franzen v. Perlee, 243 Iowa 285, 51 N.W.2d 478.

V. Was plaintiff entitled to have Count I of her petition submitted to the jury under the doctrine of res ipsa loquitur? We think not. The doctrine is not properly applicable to such a case as this.

Under the doctrine referred to, where injury occurs by an instrumentality under the exclusive control and management of defendant and the occurrence is such as in the ordinary course of things would not happen if reasonable care had been used, the happening of the injury permits but does not compel an inference that defendant was negligent. Eaves v. City of Ottumwa, 240 Iowa 956, 969, 970, 38 N.W.2d 761, 769, 11 A. L. R.2d 1164, 1176, and citations; Dodge v. McFall, 242 Iowa 12, 14, 45 N.W.2d 501, 502; Young v. Marlas, 243 Iowa 367, 371, 51 N.W.2d 443, 445; article by Harry B. Slife in 35 Iowa Law Review 393.

The res ipsa rule should not be confused with the proposition that negligence, like other facts, may be proven by circumstantial evidence. Existence of circumstantial evidence of negligence in a particular case does not mean the res ipsa doctrine is applicable in that case. In considering the applicability of res ipsa loquitur the question whether the particular occurrence is such as would not happen if reasonable care had been used rests on common experience and not at all on evidence in the particular case that tends in itself to show such occurrence

was in fact the result of negligence. Eaves v. City of Ottumwa, supra, and citations at page 970 of 240 Iowa, page 769 of 38 N.W.2d.

It is true the truck which ran over decedent was in defendant's exclusive control and management. Thus the first of the two foundation facts on which the res ipsa doctrine rests is present here. But we think it cannot be said such an occurrence as caused decedent's injury does not, in the ordinary course of things, happen if reasonable care is used by the motorist. As we have indicated, evidence which may show negligence in this particular case is not to be considered in determining the presence of this second foundation fact. The question is to be determined from common experience. Annotations 59 A. L. R. 468, 78 A. L. R. 731, 141 A. L. R. 1016.

65 C. J. S., Negligence, section 220(8)a, page 1007, states: "* * * the doctrine is applicable only where the physical cause of the injury and the attendant circumstances indicate such an unusual occurrence that in their very nature they carry a strong inherent probability of negligence and in the light of ordinary experience would presumably not have happened if those who had the management or control had exercised proper care."

Numerous decisions are cited in support of the statement just quoted. Idem, section 220(10), pages 1031, 1032, says: "* * * it has been held that the doctrine is of limited and restricted scope ordinarily to be applied sparingly and, according to the judicial decisions on the question, with caution in peculiar and exceptional cases, and only where the facts and demands of justice make the application essential."

See also to much the same effect Hunt v. Chicago, B. & Q. R. Co., 181 Iowa 845, 849, 165 N.W. 105, L. R. A. 1918B 369.

Blashfield Cyc. Automobile Law and Practice, Perm. Ed., Vol. 9B (1954), section 6043, page 431, states the res ipsa doctrine has found limited application in automobile cases. Idem, section 6046, pages 459–463, says: "Accordingly, the mere fact that a pedestrian or other traveler * * * is struck by a motor vehicle, raises no presumption that the driver * * * was guilty of negligence." Section 6045 of the same volume sets out many instances in which res ipsa loquitur has been applied. The

occurrences there mentioned are more unusual than that shown here. Section 6046, idem, lists numerous instances in which the res ipsa doctrine has been held inapplicable. Many of them resemble in a general way what happened here.

A number of decisions which hold res ipsa loquitur does not apply from the mere fact a motorist collides with a pedestrian in a street are cited in annotations 5 A. L. R. 1240, 1242, 64 A. L. R. 255, 258, 93 A. L. R. 1101, 1111.

61 C. J. S., Motor Vehicles, section 511(3)c, pages 205 et seq., also sets out many illustrations of the applicability of the doctrine. The black type states: "The doctrine * * * ordinarily is held to apply * * * where without apparent reason a motor vehicle overturns or leaves the highway, * * * strikes a clearly visible stationary object or person, or where injury is caused by the movement of an unattended vehicle; * * *."

5 Am. Jur., Automobiles, section 608, says: "The most frequent application of the doctrine * * * in respect to automobiles is * * * where an automobile leaves the traveled portion of the highway and strikes a pedestrian, or causes other damage."

Savery v. Kist, 234 Iowa 98, 11 N.W.2d 23, and Brown v. Des Moines Steam Bottling Works, 174 Iowa 715, 156 N.W. 829, 1 A. L. R. 835, are typical res ipsa cases like those referred to in the two quotations last above.

There are of course countless occurrences in which a pedestrian or person standing in part of a street devoted to vehicular traffic is struck and injured by a motor vehicle. In the ordinary course of things many such injuries are doubtless caused by the motorist's negligence. Perhaps there are more occurrences of this kind where the injured person is ordinarily at least partly to blame. We think there are many such occurrences, especially at night, in which the motorist is not ordinarily negligent.

Plaintiff's briefs show a good deal of research on this question of res ipsa. No decision has been cited which applies this doctrine to such an occurrence as we have here and we have found none. Apparently there is no such precedent in Iowa. We fear plaintiff's counsel have mistakenly assumed that because in this particular case there is evidence defendant, who was in

control of his truck, negligently caused the injury, res ipsa loquitur applies. We have tried to explain this does not follow.

There are probably other reasons why the res ipsa doctrine should not be applied here. At best it is doubtful that the chief evidence of the true cause of the accident is practically accessible to defendant but inaccessible to plaintiff. Thus the underlying reason for the application of res ipsa loquitur may not be present here. See Eaves v. City of Ottumwa, supra, 240 Iowa 956, 972, 38 N.W.2d 761, 770, 11 A. L. R.2d 1164, and citations. See also Sample v. Schwenck, 243 Iowa 1189, 1198, 54 N.W.2d 527, 532.

However, we are content to place our decision on the conclusion that the second of the two foundation facts on which res ipsa loquitur rests is not present.

VI. We find no merit in defendant's argument that decedent's estate was not damaged by her death.

For error in directing a verdict for defendant on plaintiff's Count II the judgment is—Reversed and remanded.

All JUSTICES concur.