CONTINENTAL CASUALTY COM-
PANY, Appellant,

v.

UNITED STATES FIDELITY AND
GUARANTY COMPANY,
Appellee.

No. 19060.

United States Court of Appeals
Fifth Circuit.

June 14, 1962.

Raymond Ehrlich, Marion R. Shepard and Mathews, Osborne & Ehrlich, Jacksonville, Fla., for appellant.

Charles Cook Howell, Jr., Charles Cook Howell, Jacksonville, Fla., Howell, Kirby, Montgomery & Sands, Jacksonville, Fla., of counsel, for appellee.

Before TUTTLE, Chief Judge, and BROWN and BELL, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge.

United States Fidelity and Guaranty Company, hereafter U.S.F. & G., prevailed in a suit against Continental Casualty

Company, hereafter Continental, asserting that a policy issued by the latter covered a named loss rather than one issued by U.S.F. & G.

George L. Seaman, doing business as Royal Auto Rentals, leased certain trucks to the predecessor of The Jacksonville Journal Company over a period of twelve years. Continental issued a Driverless Car Liability Policy to Seaman but it did not apply to:

"(B) any liability of the renter or driver, or of the employer of the renter, with respect to body injury to * * *.

"(2) any person sustained while riding in, alighting from or getting into or upon any of the automobiles insured hereunder;"

U.S.F. & G. issued a Comprehensive General Auto Liability policy to the Journal by the terms of which it agreed to pay all sums which the Journal became legally obligated to pay because of body injury caused by accident, which policy provided that it was excess insurance if other insurance was available and the loss arose out of the use of a hired automobile.

An employee of the Journal was using one of the leased trucks to solicit subscriptions for the newspaper, and was being assisted by Marshall Gilreath, age 14, and other newsboys. The employee stopped the truck to allow one of the boys who had been riding in the front with him to get into the back of the truck with Gilreath and at least one other. At that time Gilreath thought the tailgate on the truck was loose and proceeded to fasten it. As he was so engaged the truck started forward and he sustained injuries as a result thereof. Suit was filed against the Journal and U.S.F. & G. was called on to furnish a defense.

U.S.F. & G. then filed this suit for declaratory judgment to the effect that the policy of Continental covered the loss, that the policy of U.S.F. & G. was excess insurance, that Continental was obligated to take over the defense of the suit against the Journal and to pay any judgment rendered therein. While it was pending the suit against the Journal proceeded to judgment, an unsuccessful appeal was taken, and judgment was paid by U.S.F. & G. The complaint in this suit was then amended to allege these facts.

The trial court submitted the question of whether Gilreath sustained his injuries while "riding in, alighting from or getting into or upon" the truck to the jury which returned a special verdict adverse to Continental. Judgment was rendered for U.S.F. & G. Continental moved for a directed verdict and to set aside the verdict contending that no jury issue was present.

The Continental policy also contained an exclusion as to any automobile rented or leased under a contract for the exclusive use of a customer for one year or more. The lease contract had a thirty day cancellation clause in it and the trial court held as a matter of law that the exclusion did not apply. This holding is assigned as error and the further contention is made that in any event the obligation of Continental was at most to share on a pro rata basis on the theory that each of the policies contained an "Other Insurance" clause, thus rendering each excess over the other. We reverse on the issue which was erroneously submitted to the jury and do not reach the other points.

It was undisputed that Gilreath was injured while riding in or getting into or upon the truck. He got out of the body of the truck to fix the tailgate but had one knee resting on the bumper and one foot on the ground. He had the tailgate pin in one hand and was holding to the tailgate with the other hand when the truck suddenly started forward. The testimony is clear that he was at all times either upon the truck with one of his knees and holding onto the truck with one hand or was trying to get into the truck. Furthermore, he had been a passenger in the truck immediately prior to temporarily

removing himself from the body of the truck to fasten the tailgate. See Saint Paul-Mercury Indemnity Company v. Broyles, 1957, 230 Miss. 45, 92 So.2d 252 (policy covering injuries received while alighting from automobile—covered injuries received by driver when hit by auto after parking it in garage, pulling on hand brake, removing herself from it and reaching the rear of it, the brakes snapped); Sherman v. New York Casualty Co., 1951, 78 R.I. 393, 82 A.2d 839, 39 A.L.R.2d 947 (placing of hands and knees upon auto in trying to stop it from rolling into wall was "upon" automobile within policy insuring against injuries arising out of use of auto while person injured is "upon" vehicle); Goodwin v. Lumbermens Mut. Cas. Co., 1952, 199 Md. 121, 85 A.2d 759 (entering the automobile held "upon" within meaning of accident "while in or upon, entering or alighting" from automobile); Lokos v. New Amsterdam Casualty Co., 1949, 197 Misc. 40, 93 N.Y.S.2d 825, affirmed 197 Misc. 43, 96 N.Y.S.2d 153 (insured in act of tying bumper—with bumper in his hands, —was within provision of policy insuring against injuries "arising out of the use of automobile" while injured party was "upon" it); Katz v. Ocean Acc. & Guarantee Corp., Ltd., 1952, 202 Misc. 745, 112 N.Y.S.2d 737 (driver hit by passing auto after getting out and locking insured auto covered by provision in policy providing medical payments for bodily injury caused by accident while in or upon, entering or alighting from auto); and Christoffer v. Hartford Accident & Indemnity Co., 1954, 123 Cal.App. 2d Supp. 979, 267 P.2d 887 (person injured when struck by auto while changing tire on auto covered by policy was "upon" it within contemplation of policy).

It is clear that there was no issue of fact in this regard and it was error to submit the question to the jury. Continental Casualty Co. v. Holmes, 5 Cir., 1959, 266 F.2d 269. See also, Thomas v. Atlantic Coast Line Ry. Co., 5 Cir., 1955, 223 F.2d 1, 4. Continental carried the burden of proving that the exclusion applied and this was so as a matter of law.

Judgment should have been rendered for the appellant, and the case is reversed and remanded so that it may be done.

Reversed and remanded.